In the Matter of NOEL V., a Person Alleged to be a Juvenile Delinquent, Respondent.

Family Court, Bronx County, January 26, 1989

## APPEARANCES OF COUNSEL

*Peter L. Zimroth, Corporation Counsel (Alma Cordova* of counsel), for presentment agency. *Mary Jo Dahlbloom* for respondent.

## OPINION OF THE COURT

ELRICH A. EASTMAN, J.

The presentment agency seeks to amend the petition pursuant to Family Court Act § 311.5 by adding count 4 which would read criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) committed as follows: "The respondent in the County of the Bronx, on or about 11/23/88, possessed a loaded firearm, to wit, a pistol, said possession not being in the Respondent's home or place of business."

Family Court Act § 311.5 (1) permits the court to: "order the amendment of a petition with respect to defects, errors, or

variances from the proof relating to matters of form, time, place, names of persons and the like, when such amendment does not tend to prejudice the respondent on the merits."

However, a petition may not be amended for the purpose of curing a failure to charge or state a crime. (Family Ct Act § 311.5 [2].)

"The intent, [of Family Court Act § 311.5] which is similar to the criminal rule, is to permit the amendment of minor errors which do not prejudice the respondent while precluding the rectification of major deficiencies, such as the failure to state a crime. In such case, a new petition should be filed" (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 311.5, at 347).

Under Family Court Act § 303.1 the Criminal Procedure Law is rendered inapplicable in delinquency proceedings. However, judicial interpretations of CPL provisions may be considered when interpreting analogous provisions of the Family Court Act.

A juvenile delinquency petition is akin to a prosecutor's information in that it is brought by the presentment agency. (Prior to article 3, petitions were brought by the complainant.) Under CPL 100.45 an amendment of a prosecutor's information is governed by CPL 200.70. In fact, the language of Family Court Act § 311.5 mirrors the language of CPL 200.70 relating to indictments. In this instance, the case law under CPL 200.70 is appropriate in determining the nature of the amendments permitted. Thus, it appears that the Legislature in creating article 3 considered the amendment of a delinquency petition in the same light as an amendment of an indictment.

*Matter of Parsons* (108 Misc 2d 738 [1981]), cited by the petitioner, was decided before the revision of the juvenile delinquency provisions of the Family Court Act in 1983, and therefore is not applicable here.

Criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), the proposed count 4, is not a lesser included crime of criminal possession of a weapon in the fourth degree, count 2 of the petition. Therefore, the proposed amendment constitutes a new and additional charge.

Accordingly, the motion to add count 4 to the petition is denied.