■ In the Matter of WILLIE E., a Person Alleged to be a Juvenile Delinquent, Appellant. GEORGE DENTES, as Tompkins County District Attorney, Respondent. [627 NYS2d 812] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered May 2, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On November 4, 1993, certain evidence was presented to the Tompkins County Grand Jury after which respondent was charged with committing an act that, if committed by a person over the age of 16, would constitute the crimes of sexual abuse in the first degree and sexual misconduct. At the Grand Jury's request, an order removing the charges to Family Court was filed on November 9, 1993. Although an initial appearance was scheduled for November 22, 1993, it was adjourned to November 24, 1993 due to respondent not having been served. Re-

spondent then moved to dismiss the matter on the grounds that his initial appearance was not held within 10 days of the date of the order of removal, i.e., November 19, 1993 (*see*, Family Ct Act § 320.2 [1]; § 340.1 [3]) and that it was jurisdictionally defective. On January 10, 1994, Family Court granted the motion, citing both grounds.

On January 11, 1994, petitioner filed a new petition charging respondent with the identical crimes as the original order of removal. The initial appearance on this petition took place on January 12, 1994, at which time respondent requested that this petition be dismissed because of the failure to schedule a timely initial appearance on the original order of removal. Family Court denied the request on the ground that the original charges had been dismissed for insufficiency only. The court also adjourned the fact-finding hearing scheduled for January 14, 1994 to February 10, 1994 at respondent's request. Respondent then formally made motions seeking dismissal of the petition on the ground, *inter alia*, that Family Court lacked jurisdiction to adjudicate the matter because of the prior dismissal of the original order of removal. Family Court denied the motions, explaining, *inter alia*, that the dismissal of the original matter was intended to be on jurisdictional grounds only. Ultimately, the fact-finding hearing was commenced as rescheduled, after which the court found that respondent had committed the acts charged. Respondent has appealed from the court's resulting order of disposition.

At issue in this case is whether the failure to hold a timely initial appearance on the original order of removal requires automatic dismissal of the later petition. Family Court Act § 320.2 (1) provides that the initial appearance in a juvenile delinquency proceeding "be held as soon as practicable, and, absent good cause shown, within ten days after a petition is filed".* In our view, the failure to conduct an initial appearance within 10 days of the filing of the initial order of removal did not, under the circumstances of this case, preclude the filing of the new petition. We therefore reject respondent's claim that Family Court's order must be reversed and the new petition dismissed.

Initially, we reject petitioner's contention that the original order of removal was dismissed on jurisdictional grounds only. Although in granting respondent's motion to dismiss the first

---

* Where, as here, the proceeding was removed to Family Court, and the order does not specify a date for respondent's initial appearance, the date of the order of removal is considered the date of the petition for purposes of scheduling the initial appearance (*see*, Family Ct Act § 340.1 [3]).

matter Family Court first found that the proceeding was jurisdictionally defective, it also found that the initial appearance had not been held within the statutorily required 10-day time period. The latter ground was sufficient by itself to warrant dismissal of the first proceeding (*see, e.g., Matter of Alfred B.*, 208 AD2d 921; *Matter of Satori R.*, 202 AD2d 432, 433). Therefore, even if it is accepted that the court's dismissal was based primarily on jurisdictional defects, the first matter was properly dismissed on timeliness grounds as well (*cf., Matter of Satori R., supra*).

Turning to respondent's arguments, he claims that the failure to hold a timely initial appearance without the requisite showing of good cause automatically requires dismissal of the first proceeding with prejudice. We do not accept this argument. It is true that the Court of Appeals, in construing the speedy trial provisions of the Family Court Act, has emphasized that they were meant "to assure swift and certain adjudication at *all phases* of the delinquency proceeding" (*Matter of Frank C.*, 70 NY2d 408, 413 [emphasis supplied]). In addition, the speedy trial requirements are " 'to be strictly construed' " (*Matter of Shannon FF.*, 189 AD2d 420, 421, quoting *Matter of Erik N.*, 185 AD2d 433, 435). These cases, however, dealt with the time requirements for a fact-finding hearing. In our view, a legitimate distinction can be drawn between the initial appearance phase of a proceeding and the fact-finding phase. As it has been noted, "[u]nlike Family Court Act § 310.2, which specifies that after a petition has been filed, the respondent is entitled to a speedy fact-finding hearing, Family Court Act 320.2 (1) [which deals with the initial appearance]" does not (*Matter of Atthis D.*, 205 AD2d 263, 266; *see, Matter of Jose R.*, 83 NY2d 388 [speedy trial requirements do not apply to the dispositional phase]).

It is emphasized that although good cause was not shown by petitioner in this case, the fact-finding hearing was scheduled within 60 days of November 19, 1993, the date when the original initial appearance should have been held. Thus, respondent's speedy trial rights were not violated insofar as the fact-finding hearing was timely scheduled (*see, Family Ct Act § 320.2 [1]; § 340.1 [2]*). In our view, this protects against any concerns of protracted delay. Therefore, under the particular facts of this case, dismissal of the second petition was not required.

Turning to the merits of the case, a review of the record fails to support any of respondent's arguments in favor of reversal.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.