■ In the Matter of JULU LL., a Person Alleged to be a Juvenile Delinquent, Appellant. RICHARD C. GIARDINO, as Fulton County District Attorney, Respondent. [629 NYS2d 507] —Spain, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered December 6, 1993, which granted petitioner's

application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On December 7, 1992 respondent (born in 1977) was charged in a 10-count indictment as follows: robbery in the first degree (count 1), three counts of robbery in the second degree (counts 2, 3 and 4), one count of attempted robbery in the third degree (count 5), four counts of assault in the second degree (counts 6, 7, 8 and 9) and escape in the second degree (count 10). The indictments arose out of an incident on November 11, 1992 in which, at the age of 15 years and while an adjudicated juvenile delinquent confined at the Division for Youth's Tryon Residential Center in Fulton County, respondent escaped from the facility and, in the process, assaulted two guards and attempted to steal a truck. Because of his age and the nature of counts 1 (Penal Law § 160.15 [3]), 3 and 4 (Penal Law § 160.10 [2] [a]), respondent was prosecuted as a juvenile offender (Penal Law § 10.00 [18]) in County Court.

At the conclusion of a jury trial, respondent was acquitted of counts 1 through 4 and convicted of the remaining six counts. Accordingly, pursuant to CPL 310.85 and CPL article 725, the verdict was deemed vacated and replaced by a juvenile delinquency fact determination, and the matter was removed to Family Court for disposition by an order dated October 20, 1993. At the conclusion of the dispositional hearing, held in Family Court on December 6, 1993, the court determined that respondent should be placed with the Division for Youth for a period of 18 months. The dispositional order also denies respondent credit for the period of detention pending disposition. Respondent appeals.

Respondent's contention that his dispositional hearing was not held in a timely manner has merit. Family Court Act § 350.1 (1) requires that, except when adjournments are granted for good cause, where a "respondent is detained and has not been found to have committed a designated felony act the dispositional hearing shall commence not more than ten days after the entry of [the appropriate fact-finding order]". Here, the order of removal which constituted the juvenile delinquency fact determination was filed in Family Court on October 20, 1993 when the respondent first appeared; at that appearance the dispositional hearing was scheduled for December 6, 1993, 47 days later. As confirmed by the order of removal none of the felony acts found to have been committed by respondent were designated felonies. Respondent was in detention during the entire 47 days and no adjournments were requested by counsel or granted by Family Court at any time.

This Court has held that the "failure to hold a dispositional hearing within the time period specified by Family Court Act § 350.1 mandates dismissal of the petition" (*Matter of Lakiesha Y.*, 195 AD2d 821; *see, Matter of Randy K.*, 77 NY2d 398; *Matter of Frank C.*, 70 NY2d 408). It is significant that subsequent to this Court's decision in *Matter of Lakiesha Y. (supra)*, the Court of Appeals, finding a distinction between the statutory language governing delays in fact-finding hearings as compared to delays in dispositional hearings, ruled that dismissal should not be the remedy for the delay in a dispositional hearing where the delay is attributable solely to the juvenile's failure to appear (*see, Matter of Jose R.*, 83 NY2d 388, 393-395; *see also, Matter of Atthis D.*, 205 AD2d 263, *lv dismissed* 85 NY2d 924). Here, the delay was not caused by respondent but by Family Court's failure to schedule the dispositional hearing within the 10 days required by Family Court Act § 350.1 (1).

Accordingly, this proceeding, which was commenced in Family Court by the order of removal dated and entered October 20, 1993, is hereby dismissed.

Mikoll, J. P., and Crew III, J., concur.

Casey, J. (dissenting). Although the delay at issue in *Matter of Jose R.* (83 NY2d 388) was attributable solely to the juvenile's failure to appear, the Court of Appeals expressly "reject[ed] wholesale dismissals on a per se basis for speedy disposition lapses, *irrespective of the reasons for the time lapse*" (*supra*, at 394 [emphasis supplied]). The clear import of this statement is that each case of delay in disposition should be considered on a case-by-case basis (*cf., Matter of Willie E.*, 216 AD2d 645). Here, the delay appears to be attributable to scheduling of the dispositional hearing by Family Court, and respondent apparently voiced no objection. The delay is less than what would have been allowed if respondent had committed a "designated felony" (*see*, Family Ct Act § 301.2 [8]; § 350.1 [2]), and there is no claim of prejudice caused by the delay other than the fact that respondent was in detention. In these circumstances, it is my view that the appropriate remedy for the lack of speedy disposition is to require that respondent receive credit for the period of delay in determining the period of placement.

Inasmuch as respondent's other arguments are meritless, we would modify the order to provide respondent with credit for the 47-day period of the delay and, as so modified, the order should be affirmed.

Yesawich Jr., J., concurs. Ordered that the order is reversed, on the law, without costs, removal order is vacated and petition dismissed.