■ In the Matter of ANTHONY Y., a Person Alleged to be a Juvenile Delinquent, Appellant. ULSTER COUNTY ATTORNEY, Respondent. [740 NYS2d 487] —Mugglin, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered June 14, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

A juvenile delinquency petition charged respondent with committing acts which, if committed by an adult, would constitute the crimes of aggravated sexual abuse in the second degree and intimidating a victim or witness in the third degree. At the onset of the fact-finding hearing, Family Court granted petitioner's motion to amend the petition to charge respondent with sexual abuse in the second degree instead of aggravated sexual abuse in the second degree. No adjournment was granted and, following the hearing, Family Court found respondent guilty of sexual abuse in the second degree but not guilty of intimidating a victim or witness in the third degree. Respondent appeals.

The amendment of a juvenile delinquency petition is governed by Family Court Act § 311.5, which provides as follows:

"1. At any time before or during the fact-finding hearing, the court may, upon application of the presentment agency and with notice to the respondent and an opportunity to be heard, order the amendment of a petition with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such amendment does not tend to prejudice the respondent on the merits. Upon permitting such an amendment, the court must, upon application of the respondent, order any adjournment which may be necessary to accord the respondent an adequate opportunity to prepare his defense.

"2. A petition may not be amended for the purpose of curing:

"(a) a failure to charge or state a crime; or

"(b) legal insufficiency of the factual allegations; or

"(c) a misjoinder of crimes."

These provisions of the Family Court Act mirror the language of CPL 200.70 relating to the amendment of criminal indictments.* The overall intent of both sections is to allow the correction of minor errors "while precluding the rectification of major deficiencies, such as the failure to state a crime" (Besharov and Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 311.5, at 144; *see, Matter of Noel V.*, 142 Misc 2d 552, 553).

Here, Family Court's authorization of the amendment of the petition allowed a substitution of charges which altered the essential legal elements necessary to the establishment of a prima facie case (*see, e.g., People v Perez*, 83 NY2d 269, 274-276, *cert denied* 531 US 1166; *People v Bingham*, 263 AD2d 611, 611-612, *lv denied* 93 NY2d 1014). While the amendment might still be permissible if it merely reduced the crime charged to a lesser included offense (*see, People v Ceballos*, 98 AD2d 475, 477-478), in this case it is theoretically possible to commit aggravated sexual abuse in the second degree without necessarily committing sexual abuse in the second degree (*see,* Penal Law §§ 130.60, 130.67; *see generally, People v Glover*, 57 NY2d 61, 63-64; *People v Cogle*, 94 AD2d 158, 159). The substitution of charges without according respondent a reasonable adjournment to prepare results in prejudice requiring reversal.

---

* While the provisions of the CPL do not apply to juvenile delinquency proceedings unless specifically prescribed, judicial interpretations of the CPL may be considered to the extent that they assist the court in interpreting similar provisions of the Family Court Act (*see,* Family Ct Act § 303.1 [1], [2]).

In view of the foregoing, we have not considered the balance of respondent's contentions.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.