99 N.Y.2d 307 (2002)
786 N.E.2d 2
756 N.Y.S.2d 103
In the Matter of GEORGE T., Appellant.
Court of Appeals of the State of New York.
Argued November 13, 2002.
Decided December 17, 2002.
Legal Aid Society Juvenile Rights Division, New York City (Gary Solomon, Monica Drinane and Stacy Schneider of *308 counsel), for appellant.
Michael A. Cardozo, Corporation Counsel, New York City (Julie Steiner and Barry P. Schwartz of counsel), for respondent.
Chief Judge KAYE and Judges LEVINE, WESLEY, ROSENBLATT and GRAFFEO concur with Judge CIPARICK; Judge SMITH dissents and votes to affirm in a separate opinion.

*309 OPINION OF THE COURT
CIPARICK, J.
Respondent, George T., was arraigned in Family Court on May 10, 2001, on a one-count petition charging him with the commission of acts which if committed by an adult would constitute the crime of criminal possession of marijuana in the fifth degree, a class B misdemeanor. He was placed in secure detention, as it was reported to the court that at the time of arrest, respondent was absent without leave from placement pursuant to a prior PINS (person in need of supervision) determination. The matter was adjourned to May 14 for a probable cause hearing. Family Court found probable cause to believe George T. committed the acts alleged in the petition. The law guardian then made a motion for a pretrial suppression hearing, which was set for May 17.
On May 17, the case was called at approximately 5:00 P.M. After the witness, Detective Ortiz, was briefly questioned, the matter was continued to May 18. On that date, the law guardian requested that her client be placed in nonsecure detention. Family Court reviewed respondent's background, including the fact that he had absconded from placement on a PINS finding. His mother also indicated that she was unwilling to take him home. The court determined that respondent should remain in secure detention and attempted to schedule the hearing for the week of May 21, but the parties could not agree on a date due *310 to scheduling difficulties, so the matter was adjourned to May 29. On that day, the cross-examination of Detective Ortiz began and the hearing was adjourned again until May 31, the next mutually convenient date for the attorneys and the court.
The cross-examination of Detective Ortiz concluded on May 31 and the presentment agency stated it would not be calling additional witnesses. However, the court directed that the presentment agency call the arresting officer, Detective Alvarez, to testify because the court was "unable to make an appropriate decision in this case and further clarification [was] needed." The law guardian objected and requested that her client be released "under the statute," but the court declined. The case was adjourned until June 13 because Alvarez was on vacation in Kentucky.
On June 13, the court adjourned the matter for one day, finding "special circumstances" because the witness was unavailable. At that time, the law guardian requested that her client be released and the case dismissed on speedy trial grounds, but the court again denied the application. The following day, the case was adjourned until June 20 because the law guardian was sick and to accommodate a court vacation day. On June 20, after beginning Detective Alvarez's testimony, the hearing was postponed to June 28, the next mutually convenient date for the court and the attorneys. The cross-examination of Alvarez continued on June 28, and at that time the law guardian indicated that her client was still in secure remand, referenced his statutory speedy trial rights and again asked for a change in his remand status. The court declined to change his status and because the law guardian was not available the week of July 2, the matter was scheduled for July 9. On July 9, the case was further delayed because the witness was ill and the judge was attending a judicial seminar. The law guardian again requested that the court consider nonsecure detention, and the court again rejected the application.
On July 13, the law guardian filed a formal written motion to dismiss the petition on speedy trial grounds. On July 17, the court denied the motion in part on the ground that the law guardian could not be permitted to contribute to delays and at the same time claim a speedy trial violation. Cross-examination of Detective Alvarez was completed on July 17. On July 18, after testimony of a defense witness, the hearing was again adjourned until the following day. The case was called at 5:09 *311 P.M. on July 19, and after her witnesses testified, the law guardian rested and summations were set for July 23. The court issued its decision denying the motion to suppress on July 23, 67 days after the suppression hearing began and 74 days from George T.'s arraignment. The adjournments for Alvarez's testimony alone spanned 47 days.
On July 27, a petition for a writ of habeas corpus was brought on George T.'s behalf. Supreme Court granted the writ on July 31 but issued a stay until August 7 to allow the presentment agency to appeal the decision. On appeal the Appellate Division reversed, in a decision dated November 20, 2001, denying the writ and concluding that George T.'s statutory speedy trial rights were not violated by the suppression hearing adjournments (see 288 AD2d 106).
The fact-finding hearing commenced July 23 and was completed August 23, when Family Court adjudicated George T. a juvenile delinquent. This hearing, too, was held in a regrettably piecemeal fashion with a total of eight adjournments including a four-day adjournment occasioned by the law guardian's illness and a 15-day adjournment for the trial judge's vacation.
Upon George T.'s appeal from the Family Court's order of disposition, the Appellate Division affirmed, finding that appellant's speedy trial rights were not affected by delays occurring during the fact-finding hearing. The Court noted that it had previously rejected appellant's argument that the delays prior to the fact-finding hearing violated his right to a speedy trial in its November 2001 decision reversing Supreme Court's grant of habeas corpus relief.[1] We granted leave to appeal, and now reverse.

Analysis
The accused in a juvenile delinquency proceeding has a statutory right to a speedy fact-finding hearing (see Family Ct Act § 310.2). The time constraints for the commencement of the fact-finding hearing are codified at section 340.1 of the Family *312 Court Act.[2] When the highest count in the petition is less than a class C felony and the juvenile is in detention, the fact-finding hearing must commence within three days of the initial appearance (see Family Ct Act § 340.1 [1]).
Subdivision (4) of section 340.1 sets forth exceptions to the timeliness requirements of subdivision (1). As relevant here, the fact-finding hearing may be adjourned for good cause shown upon the motion of the court or the presentment agency for a maximum of three days when the respondent is in detention (see Family Ct Act § 340.1 [4] [a]). The fact-finding hearing may also be adjourned for a maximum of 30 days for good cause shown upon the motion of the respondent juvenile (see Family Ct Act § 340.1 [4] [b]). The court must state the reason for any adjournment on the record (see Family Ct Act § 340.1 [5]). In addition, "[s]uccessive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog" (Family Ct Act § 340.1 [6]).
The Family Court Act further provides that when a respondent makes a pretrial motion to suppress evidence, the motion must be decided prior to the commencement of the fact-finding hearing (see Family Ct Act § 330.2 [3]). Moreover, "[i]f the respondent is detained, the court shall hear and determine pretrial motions on an expedited basis" (Family Ct Act § 332.2 [4]).
*313 These provisions of the Family Court Act evidence a clear legislative intent to provide a speedy trial for respondents in juvenile delinquency proceedings, especially those in detention. As stated in Matter of Frank C. (70 NY2d 408, 413-414 [1987]), "§ 340.1 is a true `speedy trial' provision * * * [by which] the Legislature meant to address all of the sources of delay within the system and not just those connected with the presentment agency." As the statutory history indicates, the Legislature deemed any burden the rigorous time constraints would impose on Family Court to be less important than the swift disposition of charges against juveniles (see id. at 414). The statute also imposes a greater urgency in providing a timely fact-finding hearing for respondents who are detained during the proceedings.
Since a motion to suppress must be decided before the commencement of the fact-finding hearing (see Family Ct Act § 330.2 [3]), the suppression hearing itself is good cause for adjournment of the fact-finding hearing (see Family Ct Act § 340.1 [4] [b]). However, a juvenile does not necessarily always waive the right to a speedy trial by pretrial motion practice. In this case, respondent specifically objected to continuation of the suppression hearing when the court ordered the presentment agency to call Detective Alvarez after the agency stated it had no further witnesses. Respondent never consented to the continuance of the hearing for the purpose of calling the additional witness (compare Matter of Willie E., 88 NY2d 205, 209-210 [1996] [defense counsel requested additional time for motion practice]). By directing that the presentment agency call this additional witness, and by the piecemeal manner in which his testimony was taken, Family Court caused considerable further delay and violated the statute requiring an expedited hearing when faced with a respondent in detention as George T. was here (see Family Ct Act § 332.2 [4]).
These actions resulted in a violation of respondent's speedy trial rights pursuant to Family Court Act § 340.1 as the unjustifiably protracted suppression hearing had the effect of eliminating the good cause that had existed and delaying the commencement of the fact-finding hearing for at least an additional 47 days to allow Alvarez to testify.[3] The appropriate remedy for a speedy trial violation is dismissal of the petition (see Matter of Frank C., 70 NY2d at 414). Thus, respondent's *314 motion to dismiss on speedy trial grounds should have been granted as his right to a speedy trial had been violated by the extensive delays including those occasioned by the judge's improper insistence on calling the arresting officer to testify at the suppression hearing.
In view of our disposition, we need not reach respondent's remaining contentions.
Accordingly, the order of the Appellate Division should be reversed, without costs, respondent's motion to dismiss granted and the petition dismissed.
SMITH, J. (dissenting).
I agree with the majority that the delays in this case were intolerable. I disagree, however, that the "presentment agency did not [expressly] contend * * * that the habeas corpus decision had preclusive effect" and did not "adequately" argue collateral estoppel.
The majority regards the presentment agency's failure to use the words "collateral estoppel" as precluding review of its argument that the issue of pretrial delays is not before this Court, since that issue was resolved against appellant by the order in the habeas corpus petition, which appellant did not seek to appeal. To focus on the exact wording used, rather than the entire argument, is to elevate form over substance. The words "collateral estoppel" should not be used as magical words that must be stated precisely in order to open the doors of judicial review to the question of whether a party should be precluded from relitigating an issue decided in a prior action.
Despite not using the term "collateral estoppel," the presentment agency clearly makes the argument that the words embody. Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue already decided against him or her (Green v Montgomery, 95 NY2d 693, 701 [2001]; People v Evans, 94 NY2d 499, 502 [2000]; Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997]). The presentment agency specifically argues in its brief that the issue of whether the delays in the resolution of the suppression hearing denied appellant a speedy trial was litigated and determined against him. Specifically, the presentment agency states the following:
"Although this Court granted appellant leave to appeal from the Appellate Division, First Department's January 31, 2002 order, we believe that, in granting leave, this Court did not intend for the *315 pre-trial delay issue to be before it. Appellant is precluded from raising that issue, thereby making the only proper issue on this appeal the alleged post-fact-finding hearing delays."
In light of the foregoing, I conclude that the suppression-delay argument has been previously determined and is not properly before us. The evidence supports the decision of the Family Court and the Appellate Division that appellant was not denied his right to a speedy trial during the fact-finding hearing and that appellant committed an act which would constitute the crime of criminal possession of marijuana in the fifth degree if he were an adult. I would, therefore, affirm.
Order reversed, etc.
NOTES
[1] In its brief before this Court, the presentment agency contended that the resolution of the habeas corpus proceeding rendered George T.'s statutory speedy fact-finding hearing argument "untimely." The presentment agency did not contend, or in any way attempt to establish, that the habeas corpus decision had preclusive effect in this case. Since the presentment agency did not adequately argue collateral estoppel before us, we have no occasion to address whether the Appellate Division's resolution of the habeas corpus proceedingfrom which George T. did not seek leave to appealcollaterally estops him from challenging the pre-fact-finding hearing delays.
[2] The relevant portions of Family Court Act § 340.1 are:

"1. If the respondent is in detention and the highest count in the petition charges the commission of a class A, B, or C felony, the fact-finding hearing shall commence not more than fourteen days after the conclusion of the initial appearance except as provided in subdivision four. If the respondent is in detention and the highest count in such petition is less than a class C felony the fact-finding hearing shall commence no more than three days after the conclusion of the initial appearance except as provided in subdivision four. * * *
"4. The court may adjourn a fact-finding hearing:
"(a) on its own motion or on motion of the presentment agency for good cause shown for not more than three days if the respondent is in detention and not more than thirty days if the respondent is not in detention; * * * or
"(b) on motion by the respondent for good cause shown for not more than thirty days * * *
"5. The court shall state on the record the reason for any adjournment of the fact-finding hearing.
"6. Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog."
[3] The court directed the agency to call Alvarez on May 31, and his testimony was not completed until July 17a total of 47 days later.