■ In the Matter of JOSEPH O., a Person Alleged to be a Juvenile Delinquent, Appellant. THOMAS O'MARA, as Chemung County Attorney, Respondent. [760 NYS2d 241] —Kane, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered March 29, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

As a result of an incident in which respondent provoked a fight with another individual and attempted to cut him, this proceeding was commenced to adjudicate respondent a juvenile delinquent. On October 29, 2001, while an unfiled draft of the petition was available, Family Court remanded respondent to the Ashland Detention Facility. He returned to court November 1, 2001, at which time his Law Guardian entered a general denial of the allegations and the court continued detention. After a November 15, 2001 appearance, detention continued. The court held a pretrial conference in December 2001. At the end of the January 25, 2002 fact-finding hearing, the court determined that respondent committed acts which, if committed by an adult, would constitute the crime of menacing in the second degree. Respondent was remanded to Ashland pending disposition. Also at the end of the hearing, the court addressed an extension of placement on a previous person in need of supervision matter, with respondent consenting to a one-year extension of custody. The Law Guardian requested a dispositional hearing when the parties appeared on February 28, 2002. Remand continued until the hearing on March 29, 2002, when Family Court adjudicated respondent a juvenile delinquent and placed him with the Office of Children and Family Services for 12 months, crediting him with 154 days already served in detention. Respondent appeals.

Respondent argues that the adjudication of delinquency was

* They have since married.

not supported by the evidence. We must accord Family Court's determination the same weight as a jury verdict, as that court determined issues of credibility, resolved questions of fact, and weighed conflicting versions of the incident (*see Matter of Manuel W.,* 279 AD2d 662, 662 [2001]; *Matter of Joseph A.,* 244 AD2d 724, 725 [1997], *lv denied* 91 NY2d 813 [1998]). The charge of menacing in the second degree was substantiated beyond a reasonable doubt (*see Matter of Jerry XX.,* 115 AD2d 797 [1985], *lv denied* 68 NY2d 601 [1986]) by testimony which established that respondent displayed two steak knives at the time of a fight, the victim feared that respondent would kill him, and respondent conceded that the victim "probably thought that I was going to come after him with them" (*see* Penal Law § 120.14 [1]).

Respondent further contends that the petition should have been dismissed because his right to a speedy hearing was violated. A respondent in a juvenile delinquency proceeding has statutory rights to a speedy fact-finding hearing (*see* Family Ct Act § 310.2; *Matter of George T.,* 99 NY2d 307, 311 [2002]; *Matter of Randy K.,* 77 NY2d 398, 402 [1991]). As here, a respondent in detention charged with a class C felony or less is entitled to have the fact-finding hearing commence no more than three days after the initial appearance is concluded (*see* Family Ct Act § 340.1 [1]). Adjournments may be granted for up to three days on motion of the presentment agency or Family Court, and up to 30 days on respondent's motion, provided the court finds good cause for the adjournment (*see* Family Ct Act § 340.1 [4]). The court is required to state the reason for any adjournment on the record (*see* Family Ct Act § 340.1 [5]). Successive three-day adjournments shall not be granted unless there is a showing, on the record, of special circumstances, which shall not include court calendar congestion or backlog (*see* Family Ct Act § 340.1 [6]). A similar scheme exists for time periods between fact finding and disposition, the latter hearing to commence not more than 10 days following substantiation of the allegations of the petition, with similar strict rules regarding adjournments (*see* Family Ct Act § 350.1).

The Court of Appeals has reviewed the legislative history of these statutes, determining that the source of delay is unimportant, as the paramount concern is the swift adjudication of charges against juveniles (*see Matter of George T., supra* at 313; *Matter of Frank C.,* 70 NY2d 408, 413-414 [1987]). "The statute also imposes a greater urgency in providing a timely fact-finding hearing for respondents who are detained during the proceedings" (*Matter of George T., supra* at 313), in light of

a long-held legislative recognition that the drastic measure of detention may cause lasting damage to needlessly detained children (*see Matter of Bernard T.*, 92 NY2d 738, 745 [1999]). Swift determinations are especially important with young people, to immediately reinforce the concept that improper actions have negative consequences, and to begin the rehabilitative process while the incidents leading to the proceeding are fresh in the juvenile's mind. It is counterproductive to leave a juvenile floundering in the system for an extended period of time, without proper support services or educational programs in place due to the transitory nature of prehearing detention.

Family Court here failed to comply with Family Ct Act §§ 340.1 and 350.1. The first adjournment was granted for two weeks, with longer periods for the later adjournments. Each of these time periods was much greater than permitted by statute (*see* Family Ct Act § 340.1 [1] [three days]; § 350.1 [1] [10 days]). Not only did the court fail to state a good cause basis for first adjourning the matter (*see* Family Ct Act § 340.1 [4]), or specify any special circumstances for the successive adjournments (*see* Family Ct Act § 340.1 [6]; § 350.1 [5]), but neither the record nor the orders reveal any such basis for these adjournments* (*see* Family Ct Act § 340.1 [5]; § 350.1 [4]), with the only discernable reason being the statutorily prohibited excuse of court calendar congestion (*see* Family Ct Act § 340.1 [6]; § 350.1 [5]; *compare Matter of Julu LL.*, 217 AD2d 749 [1995]). Although the speedy hearing time periods may be specifically waived in certain circumstances (*see Matter of Bernard T., supra* at 742, 746; *Matter of Willie E.*, 88 NY2d 205, 209-210 [1996]; *Matter of Joseph CC.*, 234 AD2d 852, 853-854 [1996]), we find no outright waiver here. In addition to respondent writing the court a letter regarding termination of detention, respondent's mother noted on the record the protracted length of time her son had been detained as of January 25, 2002 without proper educational arrangements and other supportive services. The mother again complained regarding the period of detention on February 28, 2002.

Respondent was in detention 89 days prior to his fact-finding hearing, contributing to a total of 154 days in detention before the completion of the dispositional phase of this proceeding, as recognized by Family Court in its determination of credit for time already served. The appropriate remedy for a violation of

---

* There may have been a basis for the adjournment granted on February 28, 2002, as the Law Guardian indicated that he may not have enough time to subpoena witnesses, but the adjournment granted was beyond the allowable 30 days (*see* Family Ct Act § 340.1 [4]).

respondent's right to a speedy resolution of this matter is dismissal of the petition (*see Matter of George T., supra* at 313; *Matter of Frank C., supra* at 414; *Matter of Detrece H.,* 164 AD2d 306, 311-312 [1990]), especially considering the extent of the present violation.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.