[894 NYS2d 831]

In the Matter of TM, a Person Alleged to be a Juvenile Delinquent, Respondent.

Family Court, Kings County, November 16, 2009

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel*, Brooklyn (*Karen Elizabeth Milan* of counsel), for presentment agency. *Rhonda Renee Weir*, Brooklyn, *Law Guardian*.

**OPINION OF THE COURT**

Lee H. Elkins, J.

On October 30, 2009, respondent filed an omnibus motion seeking discovery and a suppression hearing to preclude out-of-court statements and identifications made of the respondent. Respondent sought to preclude inquiry into respondent's past criminal conduct by the presentment agency at a fact-finding hearing. Finally, respondent sought permission for late service of the motion.

Following a review of the motion and the presentment agency's answer, the court denies respondent's application for an extension of time to file under Family Court Act § 332.2, but on its own motion, precludes the presentment agency from inquiring into respondent's prior criminal acts during the fact-finding hearing on the instant petition.

Family Court Act § 332.2 requires that all pretrial motions be filed within 30 days after the conclusion of the initial appearance and before commencement of the fact-finding hearing, or within such additional time as the court may fix upon application of the respondent. The Legislature's intent was to provide a speedy trial for a respondent in a juvenile delinquency proceeding. (*Matter of George T.*, 99 NY2d 307 [2002].) A motion to suppress must be filed before commencement of a fact-finding hearing. (Family Ct Act § 330.2 [3].)

Respondent's initial appearance on this matter was on September 14, 2009 for arraignment. He was paroled to the care of his mother. On September 24, 2009, counsel for respondent appeared on the record and agreed that all motions would be made returnable by October 15, 2009. Counsel agreed that any answer would be served no later than October 22, 2009. The fact-finding hearing is scheduled for December 16, 2009.

Respondent's counsel concedes that her failure to timely file the motion does not amount to good cause. Her excuse, which she describes as "law office failure," precludes late filing. While here, counsel agreed to a schedule by which the motion should be filed, in general, the schedule is set by statute. Quite simply, motions are due 30 days from the date of the initial appearance unless otherwise specified by the court. Respondent's motion date was 30 days after arraignment. This court never enlarged that time frame.

The justification for the rule, which underlies the purpose of the speedy trial provisions of article 3, is to reach resolution on

the merits quickly. The short time frame exists because these cases involve children and adolescents. Their sense of time differs from that of adults. Given the importance of time in a child's life, court delay may have implications for juveniles that are both quantitatively and qualitatively different than its implication for adults. (Butts, *Speedy Trial in the Juvenile Court*, 23 Am J Crim L 515, 539 [1996].) For adolescents, the passage of time during these years is accelerated. A delay of months may feel like years. (*Id.* at 522.)

Legal sanctions in the juvenile setting are designed to teach offenders that unlawful behavior has consequences. (*Matter of Benjamin L.*, 92 NY2d 660 [1999].) An adolescent's capacity to understand the nature of consequences hinges on the speediness with which consequences follow action. They must understand that any consequence will occur quickly. The rule is not just procedural. It serves a rehabilitative function. "Minimizing the time between arrest and disposition in a juvenile delinquency case may be especially desirable because of the nature of adolescence. Indeed, a delay in the proceedings may undermine a court's ability to act in its adjudicative and rehabilitative capacities." (*Id.* at 667, citing Butts, *Speedy Trial in the Juvenile Court*, 23 Am J Crim L at 525.)

Nothing in respondent's motion suggests that the interest of justice will be served by permitting late filing. Thus, respondent's motion is denied.

However, the presentment agency is precluded from cross-examining the respondent on the circumstances related to any pending juvenile delinquency matter. (*People v Sandoval*, 34 NY2d 371 [1974].) The respondent is entitled to invoke the privilege against self-incrimination. (*In re Gault*, 387 US 1 [1967].) There is no reason to require respondent to assert that right here. Forcing the respondent to invoke that right during cross-examination is prejudicial because it allows the presentment agency to spread facts underlying the allegations in the form of questions. The questions themselves are ones that respondent does not have to answer. Thus, there is no purpose to them being raised.

Both sides are expected to stand ready for trial on December 16, 2009.