■ In the Matter of JABARE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [939 NYS2d 878]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, by permission, is from an order of the Family Court, Kings County (Toussaint, J.), dated October 5, 2011, which denied the appellant's motion to dismiss the petition based on a violation of his statutory right to a speedy fact-finding hearing (*see* Family Ct Act § 340.1).

Ordered that the order is reversed, on the law, without costs or disbursements, the appellant's motion to dismiss the petition based on a violation of his statutory right to a speedy fact-finding hearing (*see* Family Ct Act § 340.1) is granted, and the petition is dismissed.

We agree with the appellant that he did not receive a speedy fact-finding hearing, as required by Family Court Act § 340.1 (*see Matter of George T.*, 99 NY2d 307 [2002]). The fact-finding

hearing commenced beyond the applicable 14-day time limit specified in Family Court Act § 340.1 (1), and while there was "good cause" for the initial adjournment (Family Ct Act § 340.1 [4]; *Matter of Thomas L.*, 52 AD3d 716 [2008]), under the circumstances of this case, the "unjustifiably protracted suppression hearing had the effect of eliminating the good cause that had existed" (*Matter of George T.*, 99 NY2d at 313). The suppression hearing extended over a period of approximately seven weeks. Only two witnesses testified at the suppression hearing, and their testimony was taken in a piecemeal fashion during eight court dates. Also, except for an 11-day adjournment caused by a vacation scheduled by the appellant's counsel, the appellant, who was detained during the proceedings, repeatedly objected to the adjournments, several of which were due to court congestion, on speedy trial grounds. Thus, the suppression hearing was not conducted in an expedited manner, and the appellant's motion to dismiss the petition based on a violation of his statutory right to a speedy fact-finding hearing should have been granted (*see* Family Ct Act §§ 340.1, 332.2 [4]; *Matter of George T.*, 99 NY2d 307 [2002]).

In light of our determination, we need not reach the appellant's remaining contentions. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.