Matter of Erika UU. (2021 NY Slip Op 01543)





Matter of Erika UU.


2021 NY Slip Op 01543


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

531014

[*1]In the Matter of Erika UU., Alleged to be a Juvenile Delinquent. Madison County Attorney, Respondent; Erika UU., Appellant.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


William L. Koslosky, Utica, for appellant.
Tina M. Wayland-Smith, County Attorney, Wampsville (Jeffrey A. Aumell of counsel), for respondent.



Clark, J.
Appeal from an amended order of the Family Court of Madison County (O'Sullivan, J.), entered September 17, 2019, which granted petitioner's applications, in five proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Petitioner commenced these juvenile delinquency proceedings in April 2019 alleging that respondent (born in 2005) had committed acts which, if committed by an adult, would constitute various misdemeanor crimes. The parties first appeared in Family Court on April 4, 2019, at which time Family Court directed, upon agreement of the parties, that respondent would undergo a diagnostic evaluation and that she would be detained at a certain nonsecure facility — namely, Elmcrest Children's Center — for the purpose of completing that evaluation. Respondent waived her right to a speedy trial for the express purpose of conducting the diagnostic evaluation, and Family Court scheduled the next appearance for July 15, 2019.
By letter dated May 2, 2019, the Madison County Department of Social Services (hereinafter DSS) notified Family Court that respondent had been placed in Elmcrest Children's Center on May 1, 2019 to begin the diagnostic evaluation. DSS requested that the July 15, 2019 appearance be rescheduled, noting that it would take at least 90 days to complete the evaluation and produce a report. Based on this request, Family Court issued a rescheduling notice adjourning the matter to August 7, 2019. Thereafter, in a June 25, 2019 letter to Family Court, DSS requested that respondent be placed in a secure facility because Elmcrest Children's Center was seeking respondent's removal from its program due to her "aggressive behavior." Without affording respondent an opportunity to be heard on the matter, Family Court, by order entered on June 26, 2019, directed that respondent be placed in a secure detention facility pending further proceedings on August 7, 2019.
The parties appeared in Family Court on August 7, 2019, at which time respondent expressly rescinded her speedy trial waiver, and Family Court scheduled a fact-finding hearing for August 15, 2019. Prior to the scheduled hearing date, respondent moved to dismiss the underlying petitions on the ground that her speedy trial rights had been violated. Family Court denied the motion and the fact-finding hearing commenced as scheduled. At the conclusion of the fact-finding hearing, Family Court found that respondent had committed acts which, if committed by an adult, would constitute the crimes of criminal trespass in the third degree (five counts), resisting arrest (two counts), harassment in the first degree (one count) and assault in the third degree (three counts). Following a dispositional hearing, Family Court adjudicated respondent to be a juvenile delinquent and directed that respondent be placed in the care and custody of the Office of Children and Family Services for a period of up to one year. Respondent appeals.
Respondent [*2]argues that her statutory right to a speedy fact-finding hearing was violated (see Family Ct Act § 310.2). Where, as here, the respondent is in detention and charged with a class C felony or less, the fact-finding hearing must commence within three days of the initial appearance (see Family Ct Act § 340.1 [1]; Matter of George T. , 99 NY2d 307, 312 [2002]). However, Family Court may, upon good cause shown, adjourn the fact-finding hearing for up to three days upon its own motion or on motion of the petitioner or for up to 30 days upon motion of the respondent (see Family Ct Act § 340.1 [4]). Family Court is statutorily required to "state on the record the reason for any adjournment of the fact-finding hearing" (Family Ct Act § 340.1 [5]). Further, "[s]uccessive three-day adjournments shall not be granted unless there is a showing, on the record, of special circumstances, which shall not include court calendar congestion or backlog" (Matter of Joseph O. , 305 AD2d 743, 744 [2003]; see Family Ct Act § 340.1 [6]).
Here, although respondent waived her right to a speedy fact-finding hearing during the first appearance held on April 4, 2019, the waiver was expressly limited to the time necessary to complete the diagnostic evaluation. By entering an order on June 26, 2019 directing respondent's transfer from Elmcrest Children's Center to a secure facility, Family Court knowingly eliminated the possibility that the diagnostic evaluation would be continued and completed. Under such circumstances, respondent's waiver of her speedy trial rights effectively expired on June 26, 2019. Consequently, Family Court should have commenced a fact-finding hearing within three days of June 26, 2019 or, alternatively, brought the parties before it and either obtained a further waiver of respondent's speedy trial rights or set forth on the record its reasons for adjourning the fact-finding hearing beyond the prescribed three-day period (see Family Ct Act § 340.1 [1], [4], [5]). Inasmuch as Family Court failed to do any of the foregoing and instead did not commence the fact-finding hearing until August 15, 2019, some 50 days after the expiration of respondent's speedy trial waiver, we find that Family Court violated respondent's right to a speedy fact-finding hearing (see Family Ct Act §§ 310.2, 340.1 [1], [4], [5]). We therefore reverse the amended order appealed from and dismiss the petitions (see Matter of George T. , 99 NY2d at 313; Matter of Joseph O. , 305 AD2d at 745-746).
Respondent's remaining contention has been rendered academic by our determination.
Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the amended order is reversed, on the law, without costs, and petitions dismissed.