| **Matter of Jahmarion B.** |
|:---:|
| 2026 NY Slip Op 30509(U) |
| February 19, 2026 |
| Family Court, Kings County |
| Docket Number: Docket No. E23191-25 |
| Judge: Alan Beckoff |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Term of the Family Court of the State of New York, held in and for the County of Kings, at 330 Jay Street, Brooklyn, New York on the 19th day of February 2026.

P R E S E N T:

Hon. Alan Beckoff

------------------------------------------------------x

**In the Matter of** :

Docket No: **E23191-25**
**E1278-26**

**JAHMARION B.,**

**DECISION ON MOTION**

**A Person Alleged to be**
**A Juvenile Delinquent,**

**Respondent.** :

------------------------------------------------------x

Elsie Tan, Assistant Corporation Counsel, for the Presentment Agency
Robert J. Epstein for Respondent Jahmarion B.

Beckoff, J:

This is a juvenile delinquency proceeding that commenced in the Youth Part of Supreme Court and was removed to Family Court. Respondent Jahmarion B., age 17, is charged with Robbery in the First Degree and related offenses. He moves for dismissal of the petition on the grounds of facial insufficiency, arguing that it does not contain non-hearsay allegations in the factual part of the petition or in any supporting deposition. In fact, there is no supporting deposition at all. The Court finds that the petition is indeed facially insufficient, so the motion is granted, and the petition is dismissed.

- 1 -

The Court further finds, *sua sponte*, that the Presentment Agency's filing of a superseding petition was untimely because the fact-finding hearing on the original petition had already commenced. Moreover, the superseding petition still had the same facial insufficiency as the original petition. Accordingly, the superseding petition is dismissed even before reaching the initial appearance stage.

**Background**

Respondent was arrested on October 15, 2025 for an alleged robbery that took place in Brooklyn a few days earlier. He was charged as an Adolescent Offender in the Youth Part of Kings County Supreme Court and remanded to secure detention pending further proceedings. On November 5, he was indicted by a grand jury on charges of robbery, grand larceny, menacing, and criminal possession of stolen property. On November 17, on consent of the parties the Youth Part ordered the proceeding removed to Family Court pursuant to Criminal Procedure Law § 725.05 and Family Court Act § 311.1(7). In doing so, the Youth Part also continued Respondent's remand to secure detention.

The following day, the Presentment Agency filed its petition, which consisted of nine counts starting with Robbery in the First Degree, a copy of the Supreme Court indictment, and certified copies of two prior fact-finding and dispositional orders to establish that five of the counts were being charged as designated felonies.[1] Respondent's initial appearance was held on November 19, when the Court

---

[1] Family Court Act § 301.2(8)(vi) defines a designated felony as a crime "other than a misdemeanor" committed by a person between the ages of 12 and 17 "but only where there have been two prior findings by the court that such person has committed a prior act, which if committed by an adult, would be a felony." Respondent had two prior felony findings, one in Kings County and one in New York County.

continued his remand to secure detention after ruling pursuant to F.C.A. § 325.1(5) that he was not entitled to a probable cause hearing because he had already been indicted.

The Court held a conference with counsel on November 26. In compliance with F.C.A. § 311.1(7), which requires that grand jury minutes be filed with the Family Court within thirty days of removal of the case from the Youth Part, the Presentment Agency handed up the sealed unredacted grand jury minutes to the Court and served Respondent's counsel with a redacted version. Also, in response to the omnibus motion that had been filed by Respondent's counsel, the Presentment Agency said that it had turned over discovery and would continue to do so as it became available, and consented to pre-trial *Mosley*, *Huntley*, and *Mapp* hearings. The Court granted a *Dunaway* hearing as well, and adjourned the proceeding to December 3, the statutory fourteenth day deadline for commencement of a fact-finding hearing or at least a pre-trial suppression hearing for someone who is remanded. F.C.A. § 340.1(1).

On December 3, the Court commenced the combined pre-trial hearing, which was continued to December 9 and then December 11. But when it turned out that the Presentment Agency's last witness was on vacation until December 16 and the Court did not have available hearing time until December 23, followed by the weeklong winter recess, the Court could no longer justify keeping Respondent in detention. It was constrained to vacate Respondent's remand and release him under

the Probation Department's Intensive Community Monitoring program until the hearing could be concluded.[2]

On January 6, 2026, the Presentment Agency's final witness testified. The Court denied suppression of Respondent's statement and of the property recovered from him, and ruled in the Presentment Agency's favor on the *Mosley* issue. The fact-finding hearing then immediately commenced with the full direct and cross-examination of a New York Police Department witness. After that testimony was completed, the Court continued the fact-finding hearing to January 26 but also scheduled an interim date to handle a motion by the Presentment Agency for a subpoena *duces tecum* for bank records regarding the stolen credit card on one of the grand larceny charges.

## Respondent's Motion to Dismiss and the Presentment Agency's Superseding Petition

On January 7, Respondent's counsel filed a motion to dismiss the petition on the grounds that it was facially insufficient because there were no non-hearsay allegations in the factual part of the petition.[3] The thrust of counsel's argument was that the Presentment Agency never supplemented the removal papers from the Youth Part with a supporting deposition from the complainant containing non-hearsay allegations. Counsel further argued that the grand jury minutes that the Presentment

---

[2] Practice tip: In a juvenile delinquency proceeding, even if the fact-finding hearing or pre-trial suppression hearing commences on time, prolonged continuances, particularly when the respondent is remanded, can result in a speedy trial violation. *See Matter of George T.*, 99 NY2d 307 (2002); *Matter of Jabare B.*, 93 AD3d 719 (2nd Dept., 2012).

[3] "The failure to comply with the statutory sufficiency requirements is a nonwaivable jurisdictional defect that can be raised at any stage of the proceeding." *Matter of Neftali D.*, 85 NY2d 631, 637 (1995); *see also Matter of Jonathan F.*, 177 AD3d 736, 737 (2nd Dept., 2019).

Agency had filed with the Court were not an adequate substitute for a supporting deposition because they are hearsay.

The Presentment Agency countered that the petition was indeed facially sufficient because the grand jury minutes, which are part of the package of "pleadings and proceedings" that are required to be transferred with the removal order to Family Court pursuant to C.P.L. § 725.05(8) and then "shall be deemed the petition filed pursuant to" F.C.A. § 310.1 contain non-hearsay allegations.

Respondent's motion and the Presentment Agency's earlier motion for a subpoena were on the Court's calendar on January 13. The same day, one week after the commencement of the fact-finding hearing, the Presentment Agency filed what it classified as a superseding petition, which dropped the top count of first degree robbery as well as the count of second degree menacing, both of which have the element of displaying a firearm. The Presentment Agency argued that this was the type of amendment that could be made "before or during the fact-finding hearing" pursuant to F.C.A. § 311.5(1) because it was seeking to *withdraw* counts that it had determined it could not prove, not trying to cure a failure to charge or state a crime, which is prohibited by F.C.A. § 311.5(2). The Court said it seemed that the Presentment Agency was conflating superseding and amending, so declined to arraign the petition until the Court could decide if it was properly filed.

**Decision**

### 1. The petition is facially insufficient

When a juvenile delinquency proceeding that starts in Criminal Court or Supreme Court is removed to Family Court, all "pleadings and proceedings" from

the original matter must be filed with the clerk of the Family Court. F.C.A. § 311.1(7) and Criminal Procedure Law § 725.05(8). These include the minutes of any grand jury proceeding but F.C.A. § 311.1(7) adds the qualification "other than [such minutes] that have not yet been transcribed[.]" This statute then provides that grand jury minutes "shall be transferred to the family court within thirty days." Together all the papers "shall be deemed to be a petition filed pursuant to [F.C.A. § 310.1(1)] containing all of the allegations required by this section notwithstanding that such allegations may not be set forth in the manner therein prescribed". *Id.* But there is still something required to make it a *facially sufficient* petition under F.C.A. § 311.2(3) and that is "non-hearsay allegations of the factual part of the petition or of any supporting deposition [that] establish, if true, every element of each crime charged and the respondent's' commission thereof."

In *Matter of Desmond J.*, 93 NY2d 949 (1999), the Court of Appeals held that the removal papers from the original court could be supplemented by the Presentment Agency submitting a non-hearsay supporting deposition at the Family Court initial appearance, thus essentially curing any jurisdictional insufficiency in the felony complaint, which does not have the same requirement in Supreme or Criminal Court. The Court of Appeals followed up with *Matter of Michael M.*, 3 NY3d 441 (2004), a case where the respondent was served with the removal order, the felony complaint, and the transcript of the Criminal Court proceeding. There were no non-hearsay allegations in any of these documents. The Court held that not only could the presentment agency have supplemented the removal papers with a non-hearsay supporting deposition – it "was required to do so." *Id.* at 448.

- 6 -

In our case, the Presentment Agency argues that the sufficiency requirement was met by the filing of the grand jury minutes, which it says are non-hearsay because they contain statements made under oath by the complainant. This argument misses both the reason for the transfer of the grand jury minutes as well as the more obvious point – they are hearsay.

Clearly grand jury minutes must be transferred with the removal order from the originating court to Family Court for the Family Court to have jurisdiction. F.C.A. § 311.1(7); *see Matter of Shawn S.*, 111 Misc2d 744 (Fam. Ct., Queens County, 1981); *Matter of Martin D.*, 100 Misc2d 339 (Fam. Ct., Kings County, 1979). But their inclusion in the "pleadings and proceedings" that must be transferred to the Family Court is not so they can be the basis for the mandatory non-hearsay allegations. As noted by the Court of Appeals:

> The evident purpose of requiring the transfer of any Grand Jury minutes along with the rest of the file on removal of a case to the Family Court, in addition to the obvious advantages of maintaining a single integrated file, was to place such minutes within the jurisdiction of the Family Court, thereby making them available to facilitate compliance with any pertinent statutory mandate (e.g., Criminal Procedure Law § 240.45), in the event of a motion to inspect the Grand Jury minutes (C.P.L. § 210.30), or should the Family Court Judge in an individual case determine for other reasons that there should be a disclosure of the minutes.

*Matter of Larry W.*, 55 NY2d 244, 251 (1982). Put another way:

> [The] language in Family Court Act § 311.1 (7) will perhaps never be a candidate for an award in syntax, and could have been more felicitously phrased, in that the

definition of a "petition" as including an assortment of unspecified supporting documents can readily cause confusion…Rather, as noted in *Matter of Eric K.* (100 Misc2d 796, 801) the more obvious purpose of deeming supporting documents to be part of the Family Court petition is to provide the Family Court with access in its file to papers and records of the prior proceeding. *See also Matter of Larry W.* (55 NY2d 244, 251) and *Matter of Martin D.* (100 Misc2d 339, 343) which note the evident purposes of the subject statutes as facilitating the maintenance of an integrated file, and ensuring notice to the respondent of the procedural history of the case, both important considerations in removal cases that, by definition, involve a bifurcated system of proceedings in both criminal or Supreme Court, and Family Court.

*Matter of Miguel M.*, 128 Misc2d 136, 139 (Fam. Ct., Kings County, 1985).

Contrary to the Presentment Agency's contention, the grand jury minutes are indeed hearsay. "[A] transcript of an unavailable witness's grand jury testimony is…in essence, only the court reporter's account of what was said. While one can be confident that the transcript is an accurate record of the testimony, there is no similar guarantee that the testimony itself was truthful." Judd Burstein, "Admission of an Unavailable Witness' Grand Jury Testimony: Can It Be Justified?" 4 Cardozo L. Rev. 263, n. 1 (1983).

There are limited circumstances where grand jury testimony may be used at a trial but none of them apply here. *See People v. Miller,* 91 NY2d 372, 380 (1998) *citing People v. Morrison,* 194 NY 175 (1909) (an indictment is hearsay, so it may not be used as the basis for impeachment regarding credibility); *see also People v. Robinson*, 89 NY2d 648, 654 (1997) (grand jury testimony is hearsay but may be admitted into evidence at trial if witness is unavailable, the hearsay testimony is

- 8 -

material, and has sufficient indicia of reliability.); *People v. Rose*, 224 AD2d 643 (2nd Dept., 1996) (grand jury testimony is admissible at trial under the hearsay exception of a party admission).[4]

In *Michael M.*, the Court of Appeals acknowledged that "there may indeed be cases where the reliability of the charges in a felony complaint will have been tested at a hearing or in the grand jury or otherwise during the course of juvenile offender proceedings taking place in a criminal court prior to removal. In such cases, the juvenile may receive protections equivalent to a non-hearsay supporting deposition." *Michael M.,* 3 NY3d at 449. But since that case was decided over twenty years ago, none of the hypotheticals expressed in this *dicta* have come to pass, as far as this Court can tell. The standard practice has been that a removed petition is rendered jurisdictionally sufficient only by a supporting deposition. *See, e.g., Matter of Lucas Y.*, 223 AD3d 1057, 1058 (3rd Dept., 2024) (on a removal to Family Court, the victim's supporting deposition satisfied the requirements of F.C.A. § 311.2).

Family Court practitioners and judges have been advised, or perhaps warned: "Post-*Michael M.*, the presentment agency should carefully evaluate a removed criminal accusatory instrument and, when needed, immediately submit a supplemental deposition to conform the petition to Section 311.2." Merrill Sobie, Practice Commentaries, McKinney's Consolidated Laws of New York, Book 29A,

---

[4] In a case that pre-dates *Desmond J.* and *Michael M.* and did not involve a removal, *Matter of Shellito D.*, 226 AD2d 1075 (4th Dept., 1996), the respondent challenged the facial sufficiency of a designated felony juvenile delinquency petition because instead of supporting depositions, the only thing attached to the petition were grand jury minutes containing hearsay allegations regarding an accomplice. Because those minutes were not part of the stipulated record on appeal, the Appellate Division found that it "cannot test the legal sufficiency of the petition. *Id.* at 1076.

Judiciary – Court Acts, Family Court Act Sections 111-319, § 311.1, p. 474 (2008 ed.).

## 2. **The amended/superseding petition**

F.C.A. § 311.5(1) permits a juvenile delinquency petition to be amended "before or during the fact-finding hearing…with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like[.]" What the Presentment Agency attempted to do here – "amending" the petition to withdraw counts it has decided it cannot prove – arguably falls within the statute because it seeks to reduce two counts of the petition to lesser included offenses. *Compare, e.g., Matter of Anthony Y.*, 293 AD2d 792 (3rd Dept., 2002) (the Family Court erred in permitting an amendment to the petition because the reduced charge was not a lesser included offense of the top charge) with *People v. Ceballos,* 98 AD2d 475 (2nd Dept., 1984) (an amendment to an indictment pursuant to C.P.L. § 200.70, the analogous statute to F.C.A. § 311.5, was permissible because the reduced charge was a lesser included offense of the top charge).

Nevertheless, the Court still has two problems with the Presentment Agency's application. The first is that the Presentment Agency creates some confusion by classifying the second petition as "superseding," a term that carries a different meaning than "amended." *See People v. Hardy,* 35 NY3d 466 (2020). Simply put, a clerical error can be amended; an indictment cannot be amended if the amendment changes the theory of the case, so instead a superseding instrument has to be filed. Both F.C.A. § 311.5(1) and C.P.L. § 200.70(1) permit the petition or indictment to be amended even after the fact-finding hearing or trial has commenced. But C.P.L.

- 10 -

§ 200.80 permits a superseding indictment to be filed only *before* a guilty plea is entered or the trial has commenced.

The Family Court Act has no specific provision regarding superseding petitions but the Court may still "consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of [F.C.A. Article 3]." F.C.A. § 303.1(2); *Matter of Jessie C.*, 154 Misc2d 103 (Fam. Ct., Kings County, 1992). And where the Family Court Act may not have a comparable section to the Criminal Procedure Law, the same underlying principles of due process still apply. *Id.* at 107; *Matter of Tommy C.*, 182 AD2d 312 (2nd Dept., 1992).

"A juvenile delinquency petition is 'the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding'[.]" *Matter of Rodney J.*, 83 NY2d 503, 506 (1994) *quoting Matter of Detrece H.*, 78 NY2d 107, 110 (1991). As such, it must comport to the same standards as a criminal indictment. *See Matter of Neftali D.*, 85 NY2d 631 (1995); *Matter of Angel A.*, 92 NY2d 430 (1998). Accordingly, the Court does not see how the Presentment Agency can file a superseding petition in a case where, as here, the fact-finding hearing has already commenced.

The Court's second problem is that the Presentment Agency's second petition, whether it is characterized as "amended" or "superseding," has the same fatal defect as the original petition – it is facially insufficient because it is not supported by non-hearsay allegations.

For all these reasons, both petitions are dismissed and sealed.

- 11 -

[* 11]

ENTER:

_____
ALAN BECKOFF, JFC

Dated:       Brooklyn, NY

              February 19, 2026

[* 12]