■    In the Matter of ESTHER W. (ANONYMOUS), Appellant.— In a proceeding in which it was adjudged that appellant was a person in need of supervision and placed on probation, the appeal is from an order of the Family Court, Kings County, dated December 5, 1973, which, after a hearing and a determination that appellant had violated the terms of her probation and that the probation is revoked, placed her in the custody of the Division for Youth, Title III, PINS Facilities (New York State Training School) for 12 months. Order modified, on the law and the facts and in the exercise of discretion, by striking therefrom the decretal paragraph which ordered appellant placed in the custody of the Division for Youth, Title III, PINS Facility for 12 months; and proceeding remitted to the Family Court for the purpose of placing appellant in a suitable environment (Family Ct. Act, § 756, subd. [a]). As so modified, order affirmed, without costs. Appellant is a 16-year-old girl whose mother was murdered four years ago. The whereabouts of her father are unknown. She was originally adjudicated a person in need of supervision (PINS) as the result of a petition filed by the cousin with whom she resided. Thereafter, she was placed on probation in the home of another cousin, a daughter of the cousin previously mentioned. Probation was subsequently revoked on a petition which alleged that appellant had stayed out late and had come home intoxicated. The Division for Youth expressed itself as highly impressed with appellant's potential and described her as bright, articulate and attractive. The psychiatric report indicated a rejecting environment and recommended that she be placed in a normal setting. At the dispositional hearing, although the Family Court was informed that a group home had agreed to accept appellant in six months and that the probation officer was exploring interim placement, the court denied the Law Guardian's request for a three-week adjournment and placed appellant in the Division for Youth, Title III, PINS Facility (New York State Training School) for 12 months. Under the circumstances, it was an improvident exercise of discretion to deny this 16-year-old girl an opportunity to achieve an appropriate degree of maturity in a group home before she reaches the age of 18. " We reject, as defeatism, the premise that children in need of aid and supervision, such as appellant, must be confined as quasi criminals because allegedly there are no viable alternatives " (*Matter of Arlene H.*, 38 A D 2d 570, 571; *Matter of Jeanette P.*, 34 A D 2d 661; *Matter of Stanley M.*, 39 A D 2d 746; *Matter of Jeanette M.*, 40 A D 2d 977). In view of our determination as above set forth, we do not reach the issue of whether the present segregation of persons in need of supervision from juvenile delinquents in the State training schools meets the objections raised by the Court of Appeals in *Matter of Ellery C.* (32 N Y 2d 588). Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.