■ In the Matter of DwAYNE V., a Person Alleged to be in Need of Supervision, Appellant. SULLIVAN COUNTY PROBATION DEPARTMENT, Respondent.—Mercure, J. Appeal from an order of the Family Court of Sullivan County (Marinelli, J.), entered April 6, 1992, which, upon a finding that respondent violated his probation, placed him in the custody of the Sullivan County Department of Social Services.

On June 19, 1991, respondent was adjudicated a person in need of supervision and placed on probation for a period of one year. On February 5, 1992, petitioner filed a petition alleging a violation of respondent's probation and, at a Febru-

ary 18, 1992 hearing, respondent acknowledged that he violated the terms of his probation by leaving home from February 1, 1992 until February 3, 1992 without his parents' permission or knowledge of his whereabouts. Following the hearing, Family Court ordered that respondent be evaluated by the Sullivan County Department of Community Services and the Sullivan County Alcohol and Drug Abuse Clinic and that those agencies, along with the Sullivan County Probation Department and the Monticello Central School District, prepare and file reports prior to the next scheduled court date. As of the time of the March 24, 1992 dispositional hearing, only the report from the School District had been received by Family Court. Nonetheless, and over respondent's objection, Family Court proceeded with the hearing and placed respondent in the care and custody of the Sullivan County Department of Social Services for placement in a residential facility for a period of up to one year.

On appeal, it is respondent's position that Family Court abused its discretion by directing residential placement without first obtaining the reports and evaluations which had been ordered following the fact-finding hearing. We agree and accordingly reverse Family Court's order. Although Family Court was not required to obtain a mental health evaluation, a more detailed probation report or a current drug and alcohol abuse assessment, having made a determination that the reports were necessary, Family Court should not have proceeded to disposition in their absence. Under the circumstances, we agree with respondent that Family Court abused its discretion by failing to adequately consider less restrictive alternative dispositions (see, Matter of Esther W., 44 AD2d 603; Matter of Stanley M., 39 AD2d 746).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as placed respondent in the custody of the Sullivan County Department of Social Services; matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.