■ In the Matter of MONTY P., a Person Alleged to be a Juvenile Delinquent, Appellant. [657 NYS2d 355] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Berman, J.), dated January 10, 1996, which, upon a fact-finding order of the same court, dated November 29, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated November 29, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant has not preserved the issue of the legal sufficiency of the evidence for appellate review. In any event, viewing the evidence in the light most favorable to the presentment agency (*see, Matter of Stafford B.,* 187 AD2d 649, 650), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree.

The appellant also contends that the complainant's testimony was not credible. Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see generally, People v Garafolo,* 44 AD2d 86, 88; *Matter of Manuel G.,* 215 AD2d 558). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's determination was not against the weight of the evidence (*see,* CPL 470.15 [5]). Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.