■ In the Matter of JOSEPH A., a Person Alleged to be a Juvenile Delinquent, Appellant. COURTENAY W. HALL, as Saratoga County Attorney, Respondent. [664 NYS2d 393] —Mercure, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered August 29, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In March 1996, two petitions were filed charging respondent (then age 14) with the commission of acts which, if committed by an adult, would constitute the class D felony of sexual abuse in the first degree and the class A misdemeanor of endangering the welfare of a child. The petitions describe two separate incidents in which respondent is alleged to have fondled a young girl on the school bus on the way home from school. Following a fact-finding hearing at which both victims testified under oath, respondent was found guilty in each case of committing an act which, if committed by an adult, would constitute the crime of sexual abuse in the first degree. A dispositional hearing was conducted in July 1996; respondent was adjudicated a juvenile delinquent and was placed on probation for a period of one year. He now appeals.

We affirm. Initially, we reject the contention that there was not legally sufficient evidence adduced at the fact-finding hearing to support the elements of the crime of sexual abuse in the first degree beyond a reasonable doubt. The first victim, age eight, testified that on November 3, 1995, respondent reached across the aisle of the school bus and rubbed her side and then rubbed her "private". The second victim, age 10, testified that on December 22, 1995, respondent grabbed her, pushed her on her back on the bus seat, pulled her shirt up, kissed her and then held his hand over her mouth and touched her in her "frontal privates", which she indicated to mean her vaginal area. Fundamentally, respondent's purpose of sexual gratification may be inferred from his conduct (*see, Matter of Olivia YY.*, 209 AD2d 892; *People v Estela*, 136 AD2d 728, *lv denied*

71 NY2d 895) and we conclude that, viewing the evidence in a light most favorable to petitioner, all of the elements of sexual abuse in the first degree were proven beyond a reasonable doubt.

We are similarly unpersuaded that Family Court's determination was against the weight of the evidence (*see, Matter of Anthony D.*, 237 AD2d 706). It is fundamental law that Family Court, as the sole trier of fact, determines the credibility of witnesses and resolves disputed questions of fact (*see, Matter of Dakota EE.*, 209 AD2d 782, 783). Its determination should be afforded the same weight given a jury verdict (*see, Matter of Frederick QQ.*, 209 AD2d 832, *lv denied* 85 NY2d 802) and will be set aside only when it is clearly unsupported by the record (*see, Matter of Deejai S.*, 220 AD2d 514, 515). Here, respondent's challenge to the truthfulness of the victims' testimony is unpersuasive, and his reference to testimony that tended to support a contrary conclusion merely identifies credibility issues that were presented for Family Court's resolution.

Respondent's remaining contentions have been considered and found to be similarly unavailing. Notably, we are not persuaded to disturb Family Court's finding that the victims were competent to testify under oath (*see,* Family Ct Act § 343.1 [2]; *Matter of David PP.*, 211 AD2d 995, 996; *People v Charlton*, 192 AD2d 757, 758, *lv denied* 81 NY2d 1071; *People v Rouff*, 163 AD2d 338, 339, *lv denied* 76 NY2d 990). We further conclude that respondent was not denied effective assistance of counsel. To the contrary, respondent's counsel vigorously cross-examined petitioner's witnesses, presented a competent defense and summation and, viewed in the totality of the proceedings, provided meaningful representation (*see, Matter of Jeffrey V.*, 82 NY2d 121, 126; *People v Rivera*, 71 NY2d 705, 708).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.