■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS C. FERRY, SR., Appellant. [688 NYS2d 704] —Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 3, 1997, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fifth degree and petit larceny.

We are unpersuaded by defendant's argument that his conviction of criminally possessing stolen property is not supported by legally sufficient evidence and is against the weight of the evidence. Viewed in a light most favorable to the prosecution (*see, People v Harper*, 75 NY2d 313, 316; *People v Contes*, 60 NY2d 620, 621) we find the evidence—the trial testimony establishes beyond any doubt that stolen property was found at defendant's house, that he was aware it was stolen and that he possessed it to benefit himself and to impede its recovery by the owner—presents a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisf[ies] the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495; *see, People v Cabey*, 85 NY2d 417, 420). In concluding that the verdict was not against the weight of the evidence, we examined the evidence in a "neutral light" and have made our "own independent determination of the relative probative value of the inferences that may be drawn from the testimony" (*People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926).

The conviction for petit larceny (*see*, Penal Law § 155.25) is, however, unsupportable. Defendant is charged with "stealing" as a consequence of having collected a $100 reward upon returning a bull mastiff pup to its rightful owner. But there is no evidence that defendant (as the People maintain) wrongfully took, obtained or withheld the reward, which the owner had offered of her own volition. Moreover, the record discloses that when the dog came into defendant's possession, defen-

dant, as required by Penal Law § 155.05 (2) (b), took reasonable measures to return it to the owner. Not insignificantly, County Court expressly found that the People failed to prove that the dog had been stolen. Furthermore, the record indicates that even if the dog had been stolen, defendant was unaware of that fact. As for the People's argument that the reward was acquired by false pretenses, it suffices to note that this theory was not charged.

Remittal for resentencing is not required, however, for 37 days after consecutive sentences of one year for criminally possessing stolen property and 30 days for petit larceny were imposed, the sentences were commuted, for health reasons, to time served.

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of petit larceny; said count of the indictment is dismissed; and, as so modified, affirmed.