■ In the Matter of MANUEL W., a Person Alleged to be a Juvenile Delinquent, Appellant. ULSTER COUNTY ATTORNEY'S OFFICE, Respondent. [717 NYS2d 812] —Cardona, P. J. Appeal from an order of the Family Court of Ulster County (Czajka, J.), entered August 6, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

This proceeding was commenced seeking to adjudicate respondent, born in 1983, a juvenile delinquent as a result of an incident that occurred on December 1, 1998, wherein respondent was accused of stealing an automobile and submerging same in a creek. Following a fact-finding hearing, Family Court held that respondent committed acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree and criminal mischief in the fourth degree. Thereafter, the parties agreed to one dispositional hearing relative to the juvenile delinquency proceeding and a prior proceeding seeking to adjudicate respondent a person in need of supervision (hereinafter PINS). After the hearing, a single order of disposition was entered adjudging respondent a juvenile delinquent and he was placed for a period of 18 months in the custody of the Office of Family and Children's Services resulting in this appeal.

The order is affirmed. We are unpersuaded that Family Court's determinations after the fact-finding hearing were against the weight of the evidence (*see, Matter of Anthony D.*, 237 AD2d 706, 708). According to respondent, Family Court erred in crediting the testimony of three witnesses who identified respondent as the individual who stole the automobile since they allegedly made prior inconsistent or false statements to the police concerning the incident. It is well settled that Family Court, as the trier of fact, determines witness credibility and resolves disputed questions of fact and "[i]ts determination should be afforded the same weight given a jury verdict" (*Matter of Joseph A.*, 244 AD2d 724, 725, *lv denied* 91 NY2d 813). Here, the various inconsistencies and false statements referenced by respondent were exhaustively explored at the hearing and specifically considered by Family Court in its

decision. Under the circumstances, we find no reason to disturb the court's well-reasoned assessment of all of the testimony. Family Court's findings are well supported by this record.

Furthermore, we find no merit to respondent's challenges to the appropriateness of the placement. Contrary to respondent's argument, sufficient information was before Family Court to enable it to render an appropriate disposition. Respondent argues that, during respondent's arraignment on the PINS petition, Family Court (Mizel, J.) discussed ordering a hospital report pursuant to Family Court Act § 255 and said report was not used at disposition. However, there is no proof in this record that the report was, in fact, ordered or prepared and respondent did not proffer such a report or object to its absence at the joint dispositional hearing before Family Court (Czajka, J.). Under these circumstances, we find this Court's decision in *Matter of Dwayne V.* (189 AD2d 1033) distinguishable and do not find that Family Court abused its discretion in proceeding to disposition.

Finally, we reject respondent's argument that Family Court failed to order the least restrictive placement. Family Court considered respondent's request to be placed in an out-of-State private treatment facility and concluded that this would not be appropriate given respondent's previous conduct resulting in several dispositional orders and no significant improvement in respondent's behavior. The court also noted that prior attempts to place him in less restrictive settings not only failed, but resulted in his behavior worsening. Accordingly, we find no reason to disturb Family Court's finding that respondent was a danger to himself and the community and that it was in his best interest to be placed with the Office of Family and Children's Services, the most appropriate and least restrictive placement under the circumstances (*see, Matter of Tristan W.,* 258 AD2d 585; *Matter of Nathan S.,* 198 AD2d 557, 558).

The remaining arguments raised by respondent and not specifically addressed herein have been examined and found to be lacking in merit.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.