■ In the Matter of ZACHARY K., a Person Alleged to be a Juvenile Delinquent, Appellant. ST. LAWRENCE COUNTY ATTORNEY, Respondent. [751 NYS2d 69] —Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered June 29, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Following a fact-finding hearing, Family Court found that respondent had, among other things, acted in concert with another youth in subjecting a 10-year-old female to sexual intercourse by forcible compulsion. The victim's testimony at the hearing disclosed that respondent, who was then 11 years old, and another older youth lured her into a shed, respondent threatened her with a knife, tied her up and told her to take off her clothes, and she was prevented from leaving until she agreed to let respondent and his companion rape her. The victim then described how each assailant had sexual contact with her for several minutes while the other waited outside.

Deborah Duello, one of the physicians who examined the victim at the hospital, testified that she found redness and a laceration on the victim's external genitalia, although the victim's hymen was intact. Respondent contends that this evidence failed to establish beyond a reasonable doubt that he engaged in conduct which, if committed by an adult, would constitute the crime of rape in the first degree (Penal Law § 130.35 [2]), and that the victim's testimony was so inconsistent with her prior statements as to render it incredible.

On appellate review, Family Court, as the trier of fact, is entitled to have its determinations of witness credibility and resolution of disputed facts "afforded the same weight given a jury verdict" (*Matter of Joseph A.*, 244 AD2d 724, 725, *lv denied* 91 NY2d 813; *see Matter of Robert R.*, 238 AD2d 426, 427). Here, Duello's testimony as to the condition of the victim's genitalia in combination with the victim's testimony as to the sexual contact and pain she experienced with respondent's companion provide a sufficient basis for Family Court's finding of fact that actual penetration, though slight, had occurred (*see* Penal Law § 130.00 [1]; *People v Williams*, 259 AD2d 509, *lv denied* 93 NY2d 1007). In order to sustain respondent's guilt as an accomplice, the evidence, when viewed in a light most favorable to petitioner, must establish beyond a reasonable doubt that he acted with the requisite mental culpability and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided his companion to commit the act (*see* Penal Law § 20.00; *People v Long*, 294 AD2d 614, 616, *lvs denied* 98 NY2d 652; *People v Irving*, 107 AD2d 944, 945; *cf. Matter of John G.*, 118 AD2d 646). Here, respondent threatened the victim with physical injury using a knife, tied her up, had some sexual contact with her, and then waited outside for part of the time while his companion raped her. This conduct in committing the crimes charged amply supports a finding of culpability as an accomplice (*see Matter of Carmelo N.*, 228 AD2d 682, 682-683).

Respondent's citation to various inconsistencies between the victim's testimonies at the fact-finding hearing and at an earlier probable-cause hearing is also unavailing. These inconsistencies were fully explored by respondent's counsel on cross-examination of the victim and responded to by petitioner's counsel on redirect examination (*see Matter of Manuel W.*, 279 AD2d 662, 662-663). Moreover, the inconsistencies cited by respondent all relate to comparatively minor details of the victim's encounter with respondent and his companion. They do not render the victim's testimony incredible as a matter of

law or suggest that the victim was mistaken as to the essential conduct supporting the charges against respondent (*see Matter of Dowayne H.*, 278 AD2d 706, 707; *Matter of Romoan RR.*, 209 AD2d 861, 861). Accordingly, we find Family Court's determination of proof beyond a reasonable doubt as to the charges upon which respondent was found to be a juvenile delinquent amply supported by the record.

Similarly unavailing is respondent's remaining argument that Family Court erred in receiving the results of certain DNA testing on semen samples retrieved from the victim. Because Family Court's conclusion that respondent was an accomplice in the rape of the victim is not at all dependent on the existence or accuracy of these test results, we need not decide whether an adequate foundation was laid for their admission (*see People v Kelly*, 288 AD2d 695, 696, *lv denied* 97 NY2d 756; *People v Hamilton*, 255 AD2d 693, *lv denied* 92 NY2d 1032).

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.