■ In the Matter of JOSHUA F., a Person Alleged to be a Juvenile Delinquent, Appellant. VAN CROCKETT, as Assistant Clinton County Attorney, Respondent. [765 NYS2d 670] —Rose, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 30, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

---

seding causes (*see generally* Restatement [Third] of Torts: Liability for Physical Harm [Tent Draft No. 2, Mar. 25, 2002] § 33).

Following a fact-finding hearing, Family Court concluded that respondent's conduct in throwing a bottle at a parked vehicle and causing a dent constituted acts that, if done by an adult, would constitute the crime of criminal mischief in the fourth degree (*see* Penal Law § 145.00 [1]). In its subsequent dispositional order, Family Court adjudicated respondent a juvenile delinquent and placed him in the custody of the Clinton County Commissioner of Social Services for a period of one year.

Respondent now seeks to appeal that disposition, but the order referenced in respondent's notice of appeal is a nonfinal order of detention which is not appealable as of right (*see* Family Ct Act § 1112 [a]; *Matter of Crooks v Smith*, 260 AD2d 804, 804-805 [1999]). We will, however, treat the notice of appeal as an application for leave to appeal the dispositional order and grant the application sua sponte (*see Matter of Micah HH.*, 261 AD2d 723, 724 n 2 [1999]; *Matter of Jason FF.*, 224 AD2d 900, 900 [1996]).

As to the merits, respondent contends that the evidence demonstrated only that he threw the bottle in anger and neither saw nor intended to damage the vehicle. However, the evidence at the fact-finding hearing established that respondent consciously aligned himself with the vehicle, "wound up like a pitcher" and threw the half-filled plastic bottle at the vehicle so that it struck cap first. Although respondent denied a conscious intent to damage the vehicle and cited the complaining witness's testimony that no dent was found until the vehicle could be examined the next morning in the daylight, Family Court, as the trier of fact in such matters, determines all credibility issues and its findings are to be " 'afforded the same weight given a jury verdict' " (*Matter of Manuel W.*, 279 AD2d 662, 662 [2001], quoting *Matter of Joseph A.*, 244 AD2d 724, 725 [1997], *lv denied* 91 NY2d 813 [1998]; *accord Matter of Zachary A.*, 307 AD2d 464, 465 [2003]; *see Matter of Joshua J.*, 227 AD2d 707, 708 [1996]). Thus, upon viewing the evidence in a light most favorable to petitioner and giving due credit to the permissible inference that the natural consequences of one's act are those which were intended (*see* Prince, Richardson on Evidence § 3-138, at 88 [Farrell 11th ed]), we find that the record supports the conclusion that respondent intentionally caused actual damage to property constituting criminal mischief.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.