■ In the Matter of MELISSA VV., a Person Alleged to be a Juvenile Delinquent, Appellant. WILLIAM L. GIBSON, as Broome County Attorney, Respondent. [809 NYS2d 307]—

Crew III, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 14, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In May 2004, respondent entered an admission to an amended petition charging her with conduct that, if committed by an

adult, would constitute the crime of harassment in the first degree. Following a dispositional hearing, Family Court adjudicated respondent to be a juvenile delinquent and placed her under the supervision of the local probation department for a period of six months. This appeal by respondent ensued.

We affirm. Initially, inasmuch as the proof established that respondent indeed was in need of "supervision, treatment or confinement" (Family Ct Act § 352.1 [1]), we have no quarrel with Family Court's decision to adjudicate respondent a juvenile delinquent. Having done so, Family Court then was required, upon the conclusion of the dispositional hearing, to order the "least restrictive available alternative" under Family Ct Act § 352.2 (1) that was consistent with both respondent's needs and best interests and the need for protection of the surrounding community (*see* Family Ct Act § 352.2 [2] [a]).

Here, respondent argues that the least restrictive alternative consistent with her best interest was an adjournment in contemplation of dismissal and, as such, Family Court erred in imposing the more restrictive placement of six months of supervision by the local probation department. This argument fails for two reasons. As a starting point, the relevant statutes and case law make clear that where, as here, Family Court has determined that the respondent requires supervision, treatment or confinement and, hence, has made an adjudication of delinquency, an adjournment in contemplation of dismissal no longer is an option (*see* Family Ct Act § 315.3 [adjournment in contemplation of dismissal may be issued prior to a finding of delinquency under Family Ct Act § 352.1 (1)]; *Matter of Edwin L.*, 88 NY2d 593, 600 [1996] ["an ACD may only be granted to a person who has not been adjudicated a juvenile delinquent"]; *Matter of Janay P.*, 11 AD3d 697 [2004]). Additionally, the record amply supports Family Court's finding that although respondent indeed has loving and supportive parents, supervision by an outside entity nonetheless was required in order to ensure that respondent received the needed services. Respondent's remaining contentions, including her assertion that Family Court impermissibly restricted the Law Guardian's cross-examination of a particular witness, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.