■ In the Matter of TJAY T., a Person Alleged to be a Juvenile Delinquent, Appellant. DENNIS D. CURTIN, as Clinton County Attorney, Respondent. [825 NYS2d 308]—

Cardona, P.J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered March 15, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In February 2006, petitioner commenced this proceeding alleging that respondent committed acts which, if committed by an adult, would constitute the crime of menacing in the second degree. The charge stemmed from an incident wherein respondent allegedly confronted the victim, a former classmate, outside a local school and began trading insults. According to the victim, defendant pulled a folding knife from his pocket, flipped open

the blade and walked toward the victim stating, "I'll cut you." Following fact-finding and dispositional hearings, respondent was adjudicated a juvenile delinquent and placed in the custody of the Office of Children and Family Services for a period of one year.

Initially, we are unpersuaded by respondent's contention that the underlying petition was jurisdictionally defective due to purported defects in the supporting statements attached thereto. While it is true that a statement from one of the eyewitnesses was not properly verified (*see* Family Ct Act § 311.1 [4]), we note that two other statements made by the victim and a different eyewitness were properly verified in accordance with CPL 100.30 (1) (*see Matter of Dominic CC.*, 222 AD2d 999, 999 [1995], *lv denied* 88 NY2d 802 [1996]), specifically, by being sworn before a notary public (*see* CPL 100.30 [1] [e]). Furthermore, the victim's statement contained nonhearsay statements that, if true, established every element of the crime charged and respondent's commission thereof (*see* Family Ct Act § 311.2). Accordingly, we are satisfied that the relevant pleading requirements were adequately met herein.

Next, respondent contends that Family Court failed to advise him of his rights at critical stages of the proceeding. However, the record clearly established that respondent was advised of his rights to remain silent and to counsel upon his initial appearance before Family Court pursuant to the requirements of Family Ct Act article 3 (*see* Family Ct Act § 320.3; *Matter of Mark J.*, 259 AD2d 40, 43 n [1999]). Moreover, respondent was represented by a Law Guardian throughout this proceeding, did not testify at the fact-finding hearing and, prior to making a statement at the dispositional hearing, was, upon the Law Guardian's request, again advised of his right to remain silent.

Equally unpersuasive is respondent's assertion that the evidence is not legally sufficient to support the adjudication of delinquency. It is clear that Family Court entered its findings based upon proof beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]). It is additionally apparent from a review of the victim's testimony that the "reasonable fear of physical injury" element of menacing in the second degree was established (Penal Law § 120.14 [1]). Not only did the victim testify that respondent approached him with the knife while threatening to use it on him, one of the eyewitnesses similarly testified that he heard respondent threaten to stab the victim. The victim further indicated that he was afraid when respondent came at him and believed respondent was going to "cut" him. In our view, such evidence is sufficient to establish the elements of the crime beyond a reasonable doubt.

As a final matter, we cannot say that Family Court abused its discretion in placing respondent in the custody of the Office of Children and Family Services for a period of one year. The proof established that respondent has a history of antisocial and violent behavior and his mother admitted that she was sometimes afraid of him and could not control him. Such proof, coupled with Family Court's observations of respondent's demeanor, supports the placement.

Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.