■ In the Matter of JESSE L., a Person Alleged to be a Juvenile Delinquent. DELAWARE COUNTY ATTORNEY, Respondent; JESSE L., Appellant. [830 NYS2d 811]—

Mercure, J.P. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered May 15, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Following a fact-finding hearing, Family Court determined that respondent committed acts which, if committed by an adult, would constitute the crimes of petit larceny and criminal possession of stolen property in the fifth degree. A dispositional hearing was conducted, and respondent was thereafter adjudicated a juvenile delinquent and placed under the supervision of the Delaware County Probation Department for a one-year pe-

riod. Respondent now appeals, asserting that the evidence against him was legally insufficient to support an adjudication of juvenile delinquency. We disagree.

A person commits petit larceny when he or she steals property (see Penal Law § 155.25) and criminal possession of stolen property in the fifth degree when he or she "knowingly possesses stolen property, with intent to benefit himself[, herself] or a person other than an owner thereof or to impede the recovery by an owner thereof" (Penal Law § 165.40). At the fact-finding hearing, Austin Tompkins testified that his pocketknife disappeared from his bedroom after respondent spent the night at the Tompkins home during the summer of 2005. Thereafter, respondent showed the knife to Tompkins and, when Tompkins claimed ownership, respondent retorted, "[I]t's mine." Respondent also showed the pocketknife to another acquaintance and bragged that he had stolen it from Tompkins' home. Viewing the evidence in the light most favorable to petitioner and according due deference to Family Court's resolution of credibility issues, we conclude that there is a " 'valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial' and, as a matter of law, establish all the elements of the crime[s] charged beyond a reasonable doubt" (Matter of William A., 4 AD3d 647, 647-648 [2004], quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see Matter of Joshua F., 309 AD2d 1012, 1013 [2003]; Matter of Joseph O., 305 AD2d 743, 744 [2003]; People v Ferry, 260 AD2d 655, 655 [1999]).

We further reject respondent's arguments that the petition should have been dismissed at the conclusion of the dispositional hearing or, in the alternative, respondent should have been given a conditional discharge. In light of respondent's refusal to take responsibility for his actions and the evidence that the current offense was not an isolated event, Family Court's conclusion that respondent required supervision is supported by a preponderance of the evidence (see Family Ct Act § 350.3 [2]; Matter of Melissa VV., 26 AD3d 682, 683 [2006]; Matter of Bryan JJ., 175 AD2d 416, 417 [1991]; cf. Matter of Kyung C., 169 AD2d 721, 721 [1991]). Moreover, although the record evinces that respondent has loving and attentive parents, given his history of troubled behavior, we cannot say that Family Court erred in determining that probation supervision is the least restrictive alternative consistent with respondent's best interests and the need for protection of the community (see Family Ct Act § 352.2 [2] [a]; Matter of Melissa VV., supra at 683).

Respondent's remaining argument has been considered and found to be lacking in merit.

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.