■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS DAMANSKI, Appellant. [834 NYS2d 385]—

Mercure, J.P. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered August 16, 2006, upon a verdict convicting defendant of the crime of assault in the first degree.

After the victim allegedly entered defendant's home, hit him in the face, pointed a revolver at him and made numerous threats against his family over a drug debt, defendant shot the victim twice with a 12-gauge shot gun as the victim was walking toward a vehicle parked in defendant's driveway. Defendant's father then restrained the victim while defendant called 911. Thereafter, defendant was charged in an indictment with assault in the first degree and, following a jury trial, found guilty as charged. County Court sentenced him to a prison term of 10 years. Defendant now appeals.

Initially, we reject defendant's argument that County Court erred in instructing the jury regarding his justification defense. Specifically, defendant contends that the court's charge improperly inserted an objective element into the less stringent, subjective test set forth in the Penal Law. Contrary to defendant's argument, however, it is well settled that the justification statute, Penal Law § 35.15, has both subjective and objective components (*see Matter of Y.K.*, 87 NY2d 430, 433-434 [1996]; *People v Wesley*, 76 NY2d 555, 559 [1990]; *People v Goetz*, 68 NY2d 96, 112-115 [1986]). Specifically, "[i]t is not enough that the defendant believed that the use of force was necessary under the circumstances; his [or her] reactions must be those of a reasonable person similarly confronted" (*Matter of Y.K., supra* at 434). In our view, the court's charge here—which was virtually identical to that contained in the Pattern Criminal Jury Instructions (*see* CJI2d[NY] Defenses, Justification: Use of Deadly Physical Force in Defense of Person)—properly instructed the jury to determine whether defendant actually believed that deadly physical force was necessary to defend himself or someone else and, if so, to consider whether that belief was reasonable under the circumstances (*see People v Henry*, 306 AD2d 539, 540 [2003], *lv denied* 100 NY2d 621 [2003]; *cf. People v Wesley, supra* at 560).

We are also unpersuaded that County Court abused its discretion in denying defendant's motion to file a late notice of intent to present psychiatric evidence at trial. Defendant neither served notice of his intent to present such evidence within 30 days of his plea of not guilty nor demonstrated good cause for his failure to do so (*see* CPL 250.10 [2]; *People v Hill*, 4 NY3d 876, 877 [2005]; *People v Berk*, 88 NY2d 257, 266 [1996], *cert denied* 519 US 859 [1996]). In any event, the report sought to be introduced did not support a finding of a mental disease or defect. Defendant's remaining argument, that his sentence was harsh and excessive, has been examined and found to be lacking in merit.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.