█ In the Matter of TIMOTHY HH., a Person Alleged to be a Juvenile Delinquent. ANDREW S. MOSES, as Assistant County Attorney of St. Lawrence County, Respondent; TIMOTHY HH., Appellant. [838 NYS2d 226]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered July 18, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this proceeding alleging that respondent, then age 14, committed an act which, if committed by an adult, would constitute criminal mischief in the fourth degree. Petitioner produced evidence that the victim, a worker in the St. Lawrence County Youth Advocacy Program, went to respondent's home due to the latter's chronic truancy and impounded his puppies in an effort to induce him to attend school. Respondent, in a rage, threatened to strike the victim's car with a metal pole unless the victim relinquished the pets. When the victim refused, respondent struck the car and damaged it. Respondent asserted a defense of justification based upon his alleged belief that the victim was stealing the pets. Following fact-finding and dispositional hearings, respondent was adjudicated a juvenile delinquent and placed in the custody of the St. Lawrence County Commissioner of Social Services for a one-year period. Respondent now appeals, arguing that the evidence against him was legally insufficient to prove the charge and disprove his defense.

After according due deference to Family Court's resolution of credibility issues and viewing the credible evidence in the light most favorable to petitioner (*see e.g. Matter of Joshua F.*, 309 AD2d 1012, 1013 [2003]; *Matter of Joseph O.*, 305 AD2d 743, 744 [2003]), there is ample evidence to sustain the charge (*see* Penal Law § 145.00 [1]). Although the witnesses disagreed in their testimony concerning the events leading up to respondent's confrontation with the victim, there is no dispute that respondent angrily threatened to strike the victim's car and the requisite intent to cause damage can be inferred from his act of then doing so (*see Matter of Joshua F., supra* at 1013; *Matter of Dowayne H.*, 278 AD2d 706, 707 [2000]). We also agree with Family Court that there is sufficient evidence that the blow struck by respondent did, in fact, cause damage to the car. Further, Family Court's fact-finding determinations are not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Manuel W.*, 279 AD2d 662, 662-663 [2001]; *Matter of Joseph A.*, 244 AD2d 724, 725 [1997], *lv denied* 91 NY2d 813 [1998]).

The evidence also was legally sufficient to disprove respondent's justification defense beyond a reasonable doubt (*see* Penal Law § 25.00 [1]; § 35.25; *Matter of Y.K.*, 87 NY2d 430, 433-434

[1996]; *People v Damanski*, 39 AD3d 1023, 1024 [2007]). First, Family Court properly rejected respondent's defense because Penal Law § 35.25, by its explicit terms, justifies only the use of physical force upon another person rather than against property. Further, it is clear from the record that respondent struck the victim's car out of anger because his threat was ignored rather than to prevent the taking of his pets. Finally, while Family Court did not make a specific finding, it credited the testimony of the victim, whose identity and purpose in being at respondent's house as a representative of the Youth Advocacy Program were known to respondent. The victim also testified that respondent's parents, who were present, had given him permission to hold the dogs as a means of coercing respondent to return to school. Thus, there would be ample evidence to support a finding that respondent could not have reasonably believed that the victim was attempting to commit a larceny (*see* Penal Law § 35.25; *see e.g. Matter of William A.*, 4 AD3d 647, 647-648 [2004]). Accordingly, we find no error in Family Court's conclusion.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.