◼ In the Matter of BROOKE II., a Person Alleged to be a Juvenile Delinquent. DELAWARE COUNTY ATTORNEY, Respondent; BROOKE II., Appellant. [846 NYS2d 478]—

Peters, J. Appeal from a modified order of the Family Court of Delaware County (Becker, J.), entered January 3, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In March 2006, respondent became involved in a physical altercation between her sister and her sister's friend (hereinafter the victim). It was alleged that respondent jumped onto the victim's back, knocked her onto the porch into a pile of wood, and punched her in the head. This proceeding was commenced alleging that respondent committed acts which, if committed by an adult, would constitute the crimes of assault in the third degree, attempted assault in the third degree and reckless endangerment in the second degree. After a fact-finding hearing, Family Court dismissed the assault charges but found respondent to have committed acts which, if done by an adult, would constitute reckless endangerment in the second degree and, as such, adjudicated her a juvenile delinquent. Upon consent, an order of disposition placed respondent on probation for a period of one year. Respondent appeals.

Recognizing our deference to Family Court's resolution of credibility issues and, upon our review of the evidence in a light most favorable to petitioner (see Matter of Timothy HH., 41 AD3d 913, 914 [2007]; Matter of Joseph A., 244 AD2d 724, 725 [1997], lv denied 91 NY2d 813 [1998]), we find legal sufficiency here. Family Court credited the victim's testimony, buttressed by that of respondent's sister, that respondent jumped on the victim's back, causing her to fall onto the porch and into a wood pile. Considering the location of the altercation, as well as the victim's testimony that respondent punched her, we agree that there was a substantial risk of a serious physical injury. Although respondent testified that she never came into physical contact with the victim, other than to push her away from her sister, this created a credibility determination which Family

Court was left to resolve. Finding a valid line of reasoning that would lead a reasonable person to conclude that there is legally sufficient evidence to support the elements of reckless endangerment in the second degree beyond a reasonable doubt (*see Matter of Timothy HH.*, 41 AD3d at 914; *Matter of Manuel W.*, 279 AD2d 662, 662-663 [2001]; *Matter of Joseph A.*, 244 AD2d at 725; *see also Matter of Timothy S.*, 1 AD3d 908, 909 [2003]), we also decline to disturb the determination on a weight of the evidence basis as Family Court's credibility and factual determinations are amply supported by the record (*see Matter of Timothy HH.*, 41 AD3d at 914; *Matter of Manuel W.*, 279 AD2d at 662-663; *Matter of Joseph A.*, 244 AD2d at 725).

As to respondent's challenge to her placement on probation, the record reflects that respondent consented to such disposition. Had she not so consented, we would have found no basis to disturb Family Court's discretionary determination upon viewing respondent's probation report and her failure to have taken any responsibility for the escalation of this altercation (*see generally Matter of Katherine W.*, 62 NY2d 947, 948 [1984]; *Matter of Cindy A.*, 31 AD3d 440, 440 [2006]).*

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the modified order is affirmed, without costs.

---

* We note that no dispositional hearing transcript was provided.