■ In the Matter of BRITTENIE K., a Person Alleged to be a Juvenile Delinquent. JONATHAN C. WOOL, as Assistant County Attorney of Franklin County, Respondent; BRITTENIE K., Appellant. [854 NYS2d 799]—

Kavanagh, J. Appeals from an order and amended order of the Family Court of Franklin County (Main, Jr., J.), entered March 15, 2007 and April 30, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

On November 14, 2006, a student at the St. Regis Falls Central School reported to a teacher that there was a bomb threat written on the wall of a stall in the girl's bathroom. Respondent was identified as the perpetrator by a student who was present in the bathroom when the writing was made and her handwriting was subsequently identified by one of her teachers as that being used to make the threat. A felony complaint was filed in Family Court charging respondent with falsely reporting an incident in the first degree, and a proceeding was subsequently commenced to adjudicate respondent a juvenile delinquent. Following a fact-finding hearing, Family Court entered an order which determined that respondent had in fact committed the act in question and adjudicated her a juvenile delinquent. In an amended dispositional order, respondent was placed on probation for two years and required to perform 250 hours of community service, abide by a curfew, wear an electronic home monitoring device and stay off school grounds except while attending class. Respondent appeals.[1]

Respondent argues that Family Court erred by denying her mother's oral request made at the outset of the fact-finding hearing that an expert be appointed to perform a handwriting analysis on the writing on the bathroom stall. Family Court did not pass on this request but, rather, suggested to respondent's mother that she discuss the matter with her daughter's attorney. Respondent's attorney never made such a motion, nor renewed or adopted the mother's request and counsel did not object to the court's failure to appoint such an expert. Therefore,

---

**1.** Respondent's appeal from Family Court's fact-finding order must be dismissed as this order is not appealable as of right and respondent has not sought leave to appeal from that order (*see* Family Ct Act § 1112 [a]; *Matter of Jason FF.*, 224 AD2d 900, 900 [1996]). However, respondent may raise her challenge to the fact-finding order in her appeal from the dispositional order (*see Matter of Barry H.*, 24 AD3d 1137, 1139 [2005]; *Matter of Jessica GG.*, 19 AD3d 765, 765 n [2005]).

on this record, we cannot say that Family Court erred in not appointing a handwriting analysis expert.[2]

Nor do we agree that the evidence failed to establish that respondent was guilty beyond a reasonable doubt or that Family Court's finding was based on a lesser standard (*see* Family Ct Act § 342.2 [2]; *Matter of Brooke II.*, 45 AD3d 1234, 1235 [2007]; *Matter of William A.*, 4 AD3d 647, 647-648 [2004]). "The evidence supporting an adjudication is legally sufficient if there exists any valid line of reasoning and permissible inferences from which a reasonable person could conclude as the factfinder did, and which evidence establishes all the elements of the crime charged beyond a reasonable doubt" (*Matter of Michael DD.*, 33 AD3d 1185, 1186 [2006]; *see Matter of William A.*, 4 AD3d at 647). Not only was respondent identified at the hearing by another student as the person responsible for writing the threat, but evidence was introduced which established that respondent was one of three students in the bathroom at the time the threat was made. In addition, respondent's teacher, who had her in class on a daily basis, recalled that on the day in question respondent acted strangely and appeared upset. The teacher also testified that she instructed respondent in four separate courses and, as a result, was familiar with her handwriting which she identified as that which had been used to write the threat. Viewing this evidence in a light most favorable to petitioner and giving deference to Family Court's resolution of credibility issues (*see Matter of Timothy HH.*, 41 AD3d 913, 914 [2007]; *Matter of Jesse L.*, 37 AD3d 998, 999 [2007]; *Matter of Joshua F.*, 309 AD2d 1012, 1013 [2003]), our review of the record leads us to the conclusion that the court correctly determined that each of the elements of the crime of falsely reporting an incident in the first degree had in fact been established.

We agree, however, that Family Court's disposition which, among other things, placed respondent on probation for 24 months,[3] and required her to complete 250 hours of community service[4] and wear an electronic monitoring device,[5] should be

---

2. The oral application did not make the required showing that the expert was in fact necessary (*see* County Law § 722-c; *People v Rockwell*, 18 AD3d 969, 970 [2005], *lv denied* 5 NY3d 768 [2005]; *People v Brand*, 13 AD3d 820, 821 [2004], *lv denied* 4 NY3d 851 [2005]; *People v Dearstyne*, 305 AD2d 850, 852 [2003], *lv denied* 100 NY2d 593 [2003]; *People v Dove*, 287 AD2d 806, 807 [2001]).

3. Petitioner requested 18 months of probation and the probation report recommended 12 months of probation.

4. The probation report and petitioner recommended 100 hours of community service.

5. This was not recommended in the probation report or requested by petitioner.

modified. No evidence was presented during any of these proceedings that respondent had any other encounters with the criminal justice system and her school records do not reveal the existence of any incidents indicative of serious behavioral issues. Mindful that the court is required to impose the least restrictive alternative that is both consistent with respondent's best interests and that of the surrounding community (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Melissa VV.*, 26 AD3d 682, 683 [2006]; *Matter of Jesse L.*, 37 AD3d at 999; *Matter of Zachary A.*, 307 AD2d 464, 465 [2003]), we are of the view that the disposition should be modified. In that regard, the period of probation supervision will be reduced to 18 months, and respondent's community service commitment reduced to 100 hours. Additionally, the curfew as imposed is modified to 8:00 P.M. on evenings prior to scheduled school days and 9:00 P.M. on other evenings. Finally, those parts of Family Court's disposition which required respondent to wear an electronic monitoring device and barred her from school property other than during instructional hours, thus preventing her from participating in after-school activities, are hereby vacated.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order entered March 15, 2007 is dismissed, without costs. Ordered that the amended order entered April 30, 2007 is modified, on the facts, without costs, by (1) reducing respondent's period of probation to 18 months, (2) reducing respondent's required community service to 100 hours, (3) modifying respondent's curfew to 8:00 P.M. on evenings prior to scheduled school days and 9:00 P.M. on other nights, (4) striking the requirement that respondent be monitored by an electric device, and (5) striking the provision that barred her from being on school property other than during instructional hours, and, as so modified, affirmed.