Lahtinen, J.
Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered February 11, 2008, *1010 which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Petitioner commenced this proceeding seeking to adjudicate respondent a juvenile delinquent based upon alleged incidents that occurred between July 10, 2007 and July 26, 2007, when, in the back seat of a school bus, he purportedly touched the 10-year-old victim’s vaginal area with his hand and his penis. Following a fact-finding hearing, Family Court found that petitioner had established beyond a reasonable doubt that respondent, who was 14 years old, had committed acts which, if committed by an adult, would have constituted two counts of the crime of sexual abuse in the first degree. A subsequent order of disposition adjudged respondent to be a juvenile delinquent and, among other things, placed him on probation for one year. Respondent appeals.*
Respondent argues that Family Court’s determination was against the weight of the evidence. “On appellate review, Family Court, as the trier of fact, is entitled to have its determinations of witness credibility and resolution of disputed facts ‘afforded the same weight given a jury verdict’ ” (Matter of Zachary K., 299 AD2d 755, 756 [2002], quoting Matter of Joseph A., 244 AD2d 724, 725 [1997], lv denied 91 NY2d 813 [1998]). When presented with a weight of the evidence argument in a case, such as this one, where a different determination would not have been unreasonable, we view the evidence in a neutral light while according deference to the credibility determinations of Family Court (see Matter of Shane EE., 48 AD3d 946, 948 [2008]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Here, there were some inconsistencies in the young victim’s description of the pertinent events. Most significantly, she appeared at one point on cross-examination to indicate that respondent did not touch her with his penis. However, later during the same cross-examination she described both events as being “kind of mixed up together.” Her testimony was further clarified on redirect regarding being touched both by respondent’s hand and his penis. Family Court acknowledged that there were inconsistencies in the victim’s recitation of events, but nevertheless found the essentials of her testimony to be credible. Noting the victim’s young age and, upon review of her entire testimony, we find no reason to reject Family Court’s as *1011 sessment of her credibility and we are unpersuaded that the determination was against the weight of the evidence (see Matter of Zachary K., 299 AD2d at 756-757; Matter of Manuel W., 279 AD2d 662, 662-663 [2001]; Matter of James OO., 234 AD2d 822, 823 [1996], lv denied 89 NY2d 812 [1997]).
Peters, J.P, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

 Although respondent filed a notice of appeal from only the fact-finding order and not from the dispositional order (see Family Ct Act § 1112 [a]), we treat the notice of appeal as an application for leave to appeal and grant such application (see Matter of Jason FE, 224 AD2d 900, 900 [1996]).