■ In the Matter of ORAZIO A., a Person Alleged to be a Juvenile Delinquent, Appellant. STEPHEN B. FLASH, as Assistant County Attorney for Tompkins County, Respondent. [916 NYS2d 668]—

Egan Jr., J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 11, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this proceeding alleging that, in July 2009, while with a friend, respondent (born in 1995) recklessly lit fireworks in a large barn in the Town of Ithaca, Tompkins County, causing a fire that resulted in a total loss of the barn

and its contents. In satisfaction of the petition, respondent admitted to committing an act that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (*see* Penal Law § 145.00 [3]). Prior to disposition, the Probation Department prepared a predispositional report that recommended that respondent receive a conditional discharge. Thereafter, respondent moved to dismiss the petition pursuant to Family Ct Act § 352.1 (2) or, in the alternative, to adjourn the matter in contemplation of dismissal pursuant to Family Ct Act § 315.3. Family Court denied respondent's motion and adjudged respondent a juvenile delinquent. The court, among other things, imposed a conditional discharge for a period of one year and required respondent to make restitution of $1,500 and perform 150 hours of community service. Respondent now appeals.

Initially, we disagree with respondent that his admission to the underlying act was defective based on Family Court's failure to comply with Family Ct Act § 321.3, specifically, that Family Court failed to establish that respondent acted recklessly when he damaged the barn. Under Family Ct Act § 321.3 (1), which governs the acceptance of an admission in juvenile delinquency proceedings, the court must, among other things, "ascertain through allocution of the respondent and his [or her] parent or other person legally responsible for his [or her] care, if present, that (a) he [or she] committed the act or acts to which he [or she] is entering an admission." The failure to follow the statute's mandatory and nonwaivable requirements requires reversal (*see Matter of Lee S.*, 58 AD3d 1088, 1089 [2009]; *Matter of Joshua HH.*, 299 AD2d 760, 760 [2002]). As relevant here, a person is guilty of criminal mischief in the fourth degree when he or she "[r]ecklessly damages property of another person in an amount exceeding two hundred fifty dollars" (Penal Law § 145.00 [3]). For respondent to have acted recklessly, he must have been "aware of and consciously disregard[ed] a substantial and unjustifiable risk" that harm would occur through his actions (*see* Penal Law § 15.05 [3]). Here, we find that respondent's admission that he and his friend lit firecrackers in the barn on the date in question together with his acknowledgment that he understood that such conduct constituted a reckless action was sufficient to support Family Court's finding that respondent's conduct was reckless (*see Matter of Donald NN.*, 9 AD3d 537, 537-538 [2004]). Furthermore, although respondent did not explicitly state that he knowingly disregarded a conscious risk, it can be sufficiently inferred from his admission (*see Matter of Tucker J.*, 42 AD3d 765, 766-767 [2007]; *Matter of Justin ZZ.*, 214 AD2d 816, 816 [1995]).

We are likewise unpersuaded that Family Court improvidently exercised its discretion when it denied respondent's request for an adjournment in contemplation of dismissal, and instead adjudicated him a juvenile delinquent. Here, while the predispositional report indicates that this is respondent's first involvement with the juvenile justice system, that he is not a disciplinary problem, is a good student and his risk of recidivism is low, respondent's actions, in concert with a coparticipant, caused the destruction of the barn and its contents, damage that was valued at over one million dollars. In addition, respondent admitted to initially lying to police and showed little remorse with respect to his role in the incident. Finally, respondent admitted to occasionally consuming alcohol and smoking marihuana starting at age 13. We find that this proof established that respondent was in need of "supervision, treatment or confinement" (Family Ct Act § 352.1 [1]), such that Family Court's decision to adjudicate respondent a juvenile delinquent was not in error (*see Matter of Melissa VV.*, 26 AD3d 682, 683 [2006]). Furthermore, in noting that Family Court has broad discretion in entering dispositional orders (*see Matter of Tjay T.*, 34 AD3d 1060, 1062 [2006]; *Matter of Yasin H.*, 31 AD3d 638, 638 [2006]), we find that, in imposing a conditional discharge, the court adopted the "least restrictive available alternative" under Family Ct Act § 352.2 (1) that was consistent with respondent's needs and those of the community (Family Ct Act § 352.2 [2] [a]; *see Matter of Austin Q.*, 63 AD3d 1224, 1225 [2009]; *Matter of Melissa VV.*, 26 AD3d at 683).

Rose, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.