■ In the Matter of CLARENCE D., Alleged to be a Juvenile Delinquent. COLUMBIA COUNTY ATTORNEY'S OFFICE, Respondent; CLARENCE D., Appellant. [931 NYS2d 151]—

Rose, J.

Petitioner commenced this juvenile delinquency proceeding based upon charges stemming from an incident between respondent and the mother of his child. After a fact-finding hearing, Family Court found that respondent had committed acts which, if committed by an adult, would constitute the crimes of attempted criminal sexual act in the first degree, attempted assault in the third degree, criminal mischief in the fourth degree and endangering the welfare of a child. Following a dispositional hearing, respondent was adjudicated a juvenile delinquent and placed in the custody of the Columbia County Commissioner of Social Services for a period of 12 months.

There is no merit to respondent's challenge to the facial sufficiency of the petition, as it is supported by the victim's sworn deposition establishing each element of the crimes charged (*see* Family Ct Act § 311.2 [2]). Contrary to respondent's contention, his inculpatory statements contained in the victim's supporting deposition were based upon her personal knowledge and, therefore, they constitute nonhearsay allegations within the meaning of Family Ct Act § 311.2 (3) (*see Matter of Todd Z.*, 295 AD2d 652, 652-653 [2002]; *Matter of Christopher P.*, 260 AD2d 212, 213 [1999]; *Matter of Rodney J.*, 108 AD2d 307, 311 [1985]).

Respondent's challenge to the sufficiency of the evidence at the fact-finding hearing is also without merit. The victim testified that, among other things, respondent repeatedly demanded oral sex from her while grabbing her hair, pulling chunks of it out and restraining her on the bed by placing his leg over her. Viewed in a light most favorable to petitioner (*see Matter of Brooke II.*, 45 AD3d 1234, 1234 [2007]; *Matter of Timothy HH.*, 41 AD3d 913, 914 [2007]), this testimony—which Family Court found to be credible—supports the finding that respondent attempted to forcibly engage in oral sexual conduct with the victim (*see* Penal Law §§ 110.00, 130.50 [1]). The victim also testified that, after she was able to get off respondent's bed, he threw things at her, forcibly pulled and pushed her, and kicked a door into her leg, causing bruises. Photographs of her bruises were

admitted into evidence, supporting the finding that respondent committed acts constituting the crime of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00 [1]). The victim's testimony that respondent pulled on her shirt as though he wanted to rip it, and then did rip the shirt and break her underwire bra, provides sufficient support for the charge of criminal mischief in the fourth degree (*see* Penal Law § 145.00 [1]). The testimony and photographs introduced at the hearing also revealed that the physical altercation between respondent and the victim occurred in the cramped confines of respondent's small bedroom while the parties' four-month-old child was sleeping a few feet away from the bed on an air mattress on the floor, thus also supporting the finding that respondent knowingly acted in a manner that was likely to cause physical injury to the child (*see* Penal Law § 260.10 [1]). Although respondent testified to a different version of events, Family Court determined that he was not credible and, giving due deference to that determination, we decline to disturb the court's finding as against the weight of the evidence (*see Matter of Gordon B.*, 83 AD3d 1164, 1167 [2011], *lv denied* 17 NY3d 710 [2011]; *Matter of Clifton NN.*, 64 AD3d 903, 905 [2009]; *Matter of Brooke II.*, 45 AD3d at 1235).

Given the nature of the incident and the fact that it occurred only days after respondent had been released from custody based on a prior finding of delinquency in connection with an assault, Family Court properly concluded that respondent required "supervision, treatment or confinement" (Family Ct Act § 352.1 [1]; *see Matter of Orazio A.*, 81 AD3d 1104, 1106 [2011]; *Matter of Melissa VV.*, 26 AD3d 682, 683 [2006]). Respondent also challenges his placement, but it has been rendered moot by the expiration of the dispositional order (*see Matter of Clifton NN.*, 64 AD3d at 905; *Matter of Brett W.*, 62 AD3d 1050, 1051 [2009]; *Matter of Kashayla L.*, 56 AD3d 962, 962-963 [2008]). We have reviewed his remaining contentions and found them to be without merit.

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.